## MANZEL v. UNITED STATES.

Circuit Court of Appeals, Sixth Circuit. May 9, 1927.

No. 4885.

1. **Criminal law ⬌1169(5)—Admission in evidence of liquor, found on premises after violations charged, held not prejudicial, where court withdrew it from jury's consideration (National Prohibition Act [Comp. St. § 10138¼ et seq.]).**

In prosecution for violation of National Prohibition Act (Comp. St. § 10138¼ et seq.), admission in evidence of liquor found on premises on date subsequent to violations charged *held* not prejudicial, where trial court specifically and clearly excluded such evidence from jury's consideration, and cautioned jury to disregard it.

2. **Criminal law ⬌741(1), 742(1)—Credibility of witnesses and weight of evidence held for jury.**

In prosecution for violation of National Prohibition Act (Comp. St. § 10138¼ et seq.), credibility of witnesses and weight of evidence were for the jury.

3. **Intoxicating liquors ⬌143—One may be engaged in maintenance of liquor nuisance in some capacity other than owner or lessee of premises.**

One may be engaged in the maintenance of a liquor nuisance in some capacity other than that of owner or lessee of premises involved.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; Paul Jones, Judge.

Louis Manzel was convicted of violating the National Prohibition Act, and he brings error. Affirmed.

Henry L. Rockel, of Cincinnati, Ohio (Jas. J. Lovano, of Cleveland, Ohio, and Cobb, Howard & Bailey, of Cincinnati, Ohio, on the brief), for appellant.

John B. Osmun, Asst. U. S. Atty., of Cleveland, Ohio (A. E. Bernsteen, U. S. Atty., of Cleveland, Ohio, on the brief), for the United States.

Before DENISON and MOORMAN, Circuit Judges, and SIMONS, District Judge.

PER CURIAM. Manzel was convicted on the first, third, and fourth counts of a criminal information charging violation of the National Prohibition Act (Comp. St. § 10138¼ et seq.); the first count charging the possession of unlawful liquor on one date, the third count charging sale upon a subsequent date, and the fourth count the maintenance of a nuisance. He was sentenced cumulatively on each of the three counts. The assignments of error are vague and indefinite, and should, under the rule, preclude a review of the points relied upon for reversal of the judgment. Insistence, however, that the verdict is contrary to law, and the sentence improper and illegal, have led us to review the entire record, with special reference to the points stressed in argument and brief.

[1] The admission in evidence of a small quantity of liquor, found upon the premises on a date subsequent to other violations, was upon the trial objected to only upon the ground that no offense was charged on that date, although the point is now raised that the raid was without a search warrant. In view of the fact that this evidence was in instruction by the court specifically and clearly excluded and withdrawn from consideration of the jury, the jury cautioned to disregard it, and limited in its inquiry to the other evidence presented, it is our conclusion that no prejudice resulted. It is needless, therefore, to consider whether the question was properly reserved, whether under the circumstances the reasonableness of the search can be attacked by one claiming he had no connection with the place, or whether its public character and the officers' knowledge of the violations immediately preceding made the search lawful without such warrant.

[2, 3] The credibility of witnesses and the

weight of evidence are, of course, for the consideration of the jury, properly instructed, as they were, in reference to the caution, to be exercised in the case of a witness making conflicting statements. Nor do we find anything erroneous in the admission of evidence in support of the nuisance count of the information. Manifestly one may be engaged in the maintenance of a nuisance in some capacity other than that of owner or lessee of the premises. There was substantial evidence that the activities of the defendant thereon were such as reasonably to warrant the inference that he was maintaining, or assisting to maintain, a nuisance, with knowledge of the character of the premises. Also in a recent case we have sufficiently stated the rule with respect to indictments or informations which, though general as to identifying circumstances, adequately protect a defendant against inability to prepare for trial, and are definite enough to aid him in a plea in bar of a second prosecution arising out of the same circumstances. Leonard v. U. S., 18 F.(2d) 208, decided March 7, 1927. The nuisance count in the information in this case sufficiently answers the tests there indicated.

The respective sentences upon each of the several counts were within the limits fixed by law for the offenses charged. We find nothing further, either in the argument or in the so-called assignments of error, to warrant discussion.

The judgment is affirmed.