JULIA AND JAMES DEGRAFENREID *v.* NASHVILLE RY. & LIGHT
Co.

(*Nashville.* December Term, 1930.)

Opinion filed June 10, 1931.

W. H. Washington and C. H. Rutherford, for plaintiff in error.

W. E. Norvell, Jr. and E. J. Walsh, for defendant in error.

Mr. Justice Chambliss delivered the opinion of the Court.

In these suits, one for personal injuries by a wife, and the other for loss of services by the husband, heard together on a third trial, before a jury, there was a judgment for the defendant. The Court of Appeals overruled assignments challenging the weight of the evidence and the exclusion of certain testimony, but sustained an assignment complaining of a feature of the charge given by request of the defendant, and remanded for a new trial. This Court denied the petition of plaintiffs below for *certiorari*, but granted the petition of the Railway Company and has heard argument thereon.

The suit was based on alleged injuries—shock and burns—to this colored woman, resulting from alleged defects in electric wiring, or excessive voltage of electric current, in a lighting fixture in her residence. Her claim was that as she reached to turn on the light from a fixture suspended in the center of a room, she received the shock as the fixture broke loose, and she and it fell. The

defense, apparently sustained by the jury and trial Judge, and approved on the facts by the Court of Appeals, was both (1) that her burns were not caused by electricity, and (2) that there was no defect or excess voltage in the wires.

It appears that she had called a neighbor, a Mrs. Courtney, to answer a telephone call and this lady had entered the house when the fixture fell. Mrs. Courtney had been a witness and testified in person on two previous trials, but on this trial the parties agreed, in her absence, that either might read to the jury as her evidence such parts of her testimony given on the former trials as either might elect. Now her testimony given in the two trials differed materially. On one occasion she testified that she saw plaintiff reach up and turn on the fixture. On the other that she was "in the next room and could not see her." A determinative question was whether plaintiff simply reached up and turned on the fixture and, without more, was shocked and burned, or whether she herself, either purposely or accidentally, pulled the fixture loose and down. On the present trial counsel for plaintiff read the statement that this witness saw the accident, and counsel for defendant thereupon read her conflicting statement. In this situation the Court by request charged the following: "If a witness has testified to a certain fact at one time, and at another time testifies differently regarding the same fact, then the latter statement nullifies the former, and the testimony of the witness as to that particular fact amounts to no testimony."

 The Court of Appeals correctly announces the general rule that, "In order to impeach a witness by his former inconsistent statements in his testimony at a former trial he must be asked about them and must be

given a chance to explain such discrepancies." Counsel for defendant rely on *Johnston* v. *R. R.*, 146 Tenn., 135, but the Court of Appeals limits the rule of nullification of conflicting statements therein announced to a witness who is a party. It is true that the witness discussed in *Johnston* v. *R. R.* was a party, but while this fact is stressed, the reasoning of the opinion would seem to have an application broad enough to include a witness not a party. Says the Court:

"The question here is not one of the credibility of a witness or of the weight of evidence; but it is whether there is any evidence at all to prove the fact. If two witnesses contradict each other, there is proof on both sides, and it is for the jury to say where the truth lies; but if the proof of a fact lies wholly with one witness, and he both affirms and denies it, and there is no explanation, it cannot stand otherwise than unproven. For his testimony to prove it is no stronger than his testimony to disprove it, and it would be mere caprice in a jury upon such evidence to decide it either way."

The language of the trial Judge herein which is complained of is, after all, merely a statement of a result which must necessarily follow, whatever the relationship of the witness to the litigation. Two sworn statements by a single witness are introduced by consent of counsel which are in direct conflict. No effort was made to introduce any explanation. Whether the trial Judge so charged or not, the one statement did off set and nullify the other. Ordinary rules of procedure for impeachment of a witness hardly apply.

But if it be conceded that there was technical error in this language of the charge, we are of opinion that it was not reversible error, both for the reason already sug-

gested, that it was a mere statement of an inescapable fact, and because on the entire record we are convinced that the giving of this language in the charge did not affect the result. We think it clear that if this request had not been charged, the jury would not and could not have given to testimony by the same witness, so directly in conflict, any determinative weight. And it is to be observed that the charge was properly and expressly restricted in its application to "that particular fact" as to which the testimony was in conflict.

We are therefore constrained to reverse the decree of the Court of Appeals and dismiss the suits.