## HALE v. UNITED STATES.
### No. 6504.

Circuit Court of Appeals, Sixth Circuit.
Nov. 13, 1933.

P. E. Divine, of Johnson City, Tenn., and F. H. Parvin, of Greeneville, Tenn. (Divine & Guinn, of Johnson City, Tenn., and Susong, Susong & Parvin, of Greeneville, Tenn., on the brief), for appellant.

J. H. Doughty, of Knoxville, Tenn. (W. J. Carter, of Knoxville, Tenn., and Wm. I. Davis, Jr., of Tazewell, Tenn., on the brief), for the United States.

Before MOORMAN, HICKENLOOPER, and SIMONS, Circuit Judges.

MOORMAN, Circuit Judge.

Appellant was convicted of the offense of aiding the escape of a federal prisoner properly committed to the custody of the Attorney General. 18 USCA § 753i. The government introduced witnesses at the trial who testified that the appellant gave the saws to the prisoner with which he made his escape from the prison. On cross-examination these witnesses admitted that prior to the trial they had said they did not know who brought the saws into the prison. Appellant contends that these admissions left the government's evidence in such a state of equilibrium that it was the duty of the trial court to direct the jury to return a verdict of not guilty. In making this contention, counsel, it seems to us, confuse two distinct rules of.law. The first is that, if the party upon whom the burden of proof rests produces evidence of a fact or condition which might have resulted from one or the other of two causes, for only one of which his adversary is responsible, then the jury is not allowed to speculate as to which was the effective cause. This rule is frequently applied in negligence cases. Ewing v. Goode (C. C.) 78 F. 442; Patton v. Texas & Pacific R. Co., 179 U. S. 658, 663, 21 S. Ct. 275, 45 L. Ed. 361; Gunning v. Cooley, 281 U. S. 90, 94, 50 S. Ct. 231, 74 L. Ed. 720. The other rule is one dealing with the credi-

bility of testimony. An example of its application is Allen v. United States, 26 F. (2d) 246 (6 C. C. A.), where it was held that evidence introduced by the defendant to discredit the evidence relied upon to prove the offense was for the consideration of the jury in deciding what weight it would give to the testimony of the government's witnesses. See, also, Manzel v. United States, 19 F.(2d) 139 (6 C. C. A.). This is the measure of the effect to be given the unsworn statements of the witnesses in this case.

■■■■ Limiting the effect of the witnesses' unsworn statements, as indicated, which we think must be done, the present case is therefore not one where there is lack of substantial evidence or where the government's witnesses testified two ways, as in De Grafenreid v. Nashville, R. & L. Co., 162 Tenn. 558, 39 S.W.(2d) 274, and Johnston v. C., N. O. & T. P. R. Co., 146 Tenn. 135, 240 S. W. 429, but a case where there was testimony tending to show the appellant's guilt with proof of conflicting statements made by the witnesses before trial. These statements were not substantive evidence upon which a finding could be based, but were evidence affecting the character and truthfulness of the witnesses which the jury could and doubtless did consider in determining the weight to be given their testimony. Southern R. Co. v. Gray, 241 U. S. 333, 337, 36 S. Ct. 558, 60 L. Ed. 1030; Donaldson v. New York, New Haven & H. R. Co., 188 Mass. 484, 486, 74 N. E. 915, and Sloan v. New York Central R. Co., 45 N. Y. 125, 127. As thus considered, the government's evidence, in our opinion, was sufficient to take the case to the jury.

■■ Error is assigned to that part of the charge of the court which told the jury that there was no evidence of any consideration or promise given to the witnesses to testify for the government. It is argued that, inasmuch as all the witnesses for the government were inmates of the prison, and were themselves under sentence, the government investigator who produced them at the trial might have promised them immunity if they would testify against the accused. It appears, it is true, that the sentence of one of the witnesses was reduced by the trial judge, but there is no showing in the record that this reduction resulted from any promise made to the witness in consideration of his testimony in the case. However that may be,

the court covered the point in its charge by directing the jury to take into consideration in weighing the evidence any self-serving motives the witnesses might have.

■■ Objection is also made to the statement in the charge that it was not essential to the government's case that it show there was no sawing of the bars in the morning of the day of the escape. The witnesses for the government testified that the saws were passed in to the prisoner in the afternoon. There was testimony for the defense showing that some sawing was done in the morning. The inference that appellant seeks to draw from this latter testimony is, not that there were two sets of saws in the jail, but that he did not deliver saws to the prisoner. Conceding that this is a permissible inference, this conflict in the evidence did not render the charge on this point erroneous. The question was whether the defendant had passed in the saws, and it was not necessary for the government to show that there had been no sawing in the morning but only that the appellant had given the saws to the prisoner.

■■■ The final complaint is that the court erred in refusing to grant a new trial on the ground of newly discovered evidence. The motion for a new trial on this ground was based on an affidavit made by the appellant to the general effect that he had been diligent in discovering the new evidence. It seems plain to us that the affidavit was insufficient in view of the admitted facts in the case. The new evidence consisted of affidavits of certain men who were confined in the same cell with the escaped prisoner when appellant is alleged to have delivered the saws. Appellant introduced as witnesses at the trial several men who were in the cell at that time. It does not appear that he could not have ascertained the names of all the men who were then in it and interviewed them before the trial, and, in the absence of such a showing, he fails, in our opinion, to show such diligence as would authorize us to say there was an abuse of discretion in denying a new trial. Toledo Scale Co. v. Computing Scale Co., 261 U. S. 399, 420, 43 S. Ct. 458, 67 L. Ed. 719; Chambers v. Anderson, 58 F.(2d) 151, 154 (6 C. C. A.). It is also to be noted that the character of the newly discovered evidence was cumulative.

The judgment is affirmed.