Frank L. Ryall

*v.*

State of Tennessee.

(*Knoxville,* September Term, 1958.)

Opinion filed December 12, 1958.
Rehearing denied January 23, 1959.

VAN CLEAVE & HATFIELD, Chattanooga, for appellant.

THOMAS E. Fox, Assistant Attorney General, for appellee.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The plaintiff in error, defendant below, Frank L. Ryall, was convicted on two indictments each charging acts of gross indecency and lewdness, and was sentenced to serve 11 months and twenty-nine days on the county road in Knox County and to pay a fine of $100.00, and on the second count was sentenced to serve a period of three months on the county road and fined $500.00.

Briefly, the facts are that the prosecutrix Mrs. Marie Stephens, with her three children, ages 9, 7 and 5, went from their home located at 314 East Magnolia Street, Knoxville, Tennessee, on July 10, 1956, to a branch of the Lawson-McGee Library, about seven or eight blocks west of her home on the same street. The records indicate that she visited this library in the daytime.

As the prosecutrix returned with her children from the library, after a short stay there, the defendant, who spoke to her as she went toward the library from his automobile parked in front of a Cas Walker Supermarket, and who was still in his car parked, finally attracted her attention and when she looked around at him he was exposing his private parts to her.

On the afternoon of July 17th the prosecutrix went with her children to a telephone booth on Magnolia Street, near the entrance of Chilhowee Park. As she crossed the street to approach the telephone booth she heard someone speak to her and when she looked in the direction of the person speaking she saw the defendant and he was again exposing himself to her. A policeman appeared on the scene and the defendant, who was parked when the policeman first saw him, drove away at a rapid rate of speed when the policeman started for the defendant, as he did once before on July 11th near the prosecutrix's home.

Defendant admitted exposing himself on the 10th of July, as described by the prosecutrix, but stated that he was unable to control himself.

The defense offered the testimony of Doctor Robert J. Hall, a psychiatrist. Doctor Hall stated that the defendant was not insane or incompetent but depressed, when he first examined him on July 20, 1956, and that the defendant gradually improved. The doctor further stated that in men of the defendant's type, the impulse to expose themselves to a strange woman becomes overwhelming and uncontrollable.

The Trial Judge sustained the District Attorney General's objections to the admission of this witness' testi-

mony before the jury, however, defense counsel was advised that the doctor would be permitted to testify that the defendant was not insane at the time the offenses were committed, but it was pointed out by the trial judge that the doctor would not say that the defendant was insane.

■ The punishment imposed upon the defendant by the jury was within the limits allowed by the law. This did not indicate passion, prejudice and caprice. *Edwards v. State,* 202 Tenn. 393, 304 S.W.2d 500.

The testimony of Doctor Hall indicated that the defendant was sane at the time the offenses were committed and during the trial.

■ The doctrine of an "uncontrollable impulse of the mind" for one who is sufficiently sane to know right from wrong is not a defense in a criminal offense in this State. *Wilcox v. State,* 94 Tenn. 106, 28 S.W. 312; *Johnson v. State,* 100 Tenn. 254, 45 S.W. 436, and *McElroy v. State,* 146 Tenn. 442, 242 S.W. 883.

■ It is next insisted that the State did not prove any intent on the part of the defendant. The phrase "immoral act" or "immoral conduct" implies that the act or conduct was done wilfully, flagrantly and shamelessly. 20 Words and Phrases Immoral Conduct page 160. The word "wilful" means intentional or design. 16 C. J. Criminal Law, Sec. 45, page 80; 22 C.J.S. Criminal Law sec. 31.

■ A particular intent or purpose on the part of the defendant was not necessary, but a general intent to expose himself is all that was required. *State v. Davis,* 214 N.C. 787, 1 S.E.2d 104.

426

There is no evidence in the record to indicate that the defendant did not have an intent to expose himself, and there is no evidence to indicate that the accused was insane. According to his own testimony he knew what he was doing but did not have the power to resist his impulse. *Wilcox v. State,* 94 Tenn. 106, 28 S.W. 312.

It must be conceded that the punishment is rather drastic, but this Court under the above authorities has no power to reduce the sentence.

Affirmed.