ERNEST WILSON

*v.*

STATE OF TENNESSEE.

421 S.W.2d 91

(*Knoxville,* September Term, 1967.)

Opinion filed November 13, 1967.

566

STREET, BANKS, MERRYMAN & MUSICK, Elizabethton, for plaintiff in error.

GEORGE F. McCANLESS, Attorney General, and LANCE D. EVANS, Assistant Attorney General, Nashville, for the State. LEWIS MAY, District Attorney General, Elizabethton, prosecuted the case for the State in the trial court.

MR. CHIEF JUSTICE BURNETT delivered the opinion of the Court.

The plaintiff in error was indicted for forgery, and under this indictment was convicted of forging a check for $5.56 and was sentenced to serve from one (1) to three (3) years in the State penitentiary.

The argument on his behalf is that the verdict is not supported by the evidence and is contrary to the weight and preponderance of the evidence and that the verdict evinces prejudice, passion and caprice under the facts of this case.

The only State's witness, a Mr. Robinson, was the proprietor of and operated a store in Carter County, when on May 5, 1966, the defendant wrote and signed a check for $5.56 in his presence. The plaintiff in error introduced himself as one Clyde Wilson, when he signed this check, and, at the time that he did so, he in introducing himself represented that he had married the daughter of one Robert Williams, and this, according to the State's evidence, led the prosecutor to believe that he was a different Clyde Wilson from the plaintiff in error. As a result of this he cashed a check which was returned by the bank marked "no account" and then the Clyde Wilson, whom the prosecutor knew, came into Mr. Robinson's store some months later and Mr. Robinson realized that he was a different Clyde Wilson. As a result this plaintiff in error was indicted, tried and convicted.

The plaintiff in error took the witness stand in his own behalf and said that he told Mr. Robinson he was Clyde Wilson and that this was the truth, but that he did not tell Mr. Robinson that he was Ernest Clyde Wilson. He could not remember whether or not he told Mr. Robinson that he married Robert Williams' daughter. He likewise, while he was on the witness stand, admitted previous convictions for writing bad checks.

The plaintiff in error admits he wrote the check, and admits he told the recipient of the check that he was Clyde Wilson. The State's witness testified that he attempted to establish his identity as one person which was

not true and it was on this basis that the check was cashed. These false and misleading statements were clearly enough to defraud Mr. Robinson and under all authorities it is for the jury to decide under the facts submitted to it whether or not the plaintiff in error had the intent to defraud. *Wofford v. State,* 210 Tenn. 267, 358 S.W.2d 302.

The first ground of defense herein is based upon the fact that this man, who was convicted, the plaintiff in error, was Clyde Wilson but in addition thereto was Ernest Clyde Wilson. He says since his name was Clyde Wilson he could not be guilty of forgery. It is the law in this State, and in others so far as we know that, "A person may commit forgery even though he signs his own name, when his name is the same as that of another person and (1) he signs his name with the intent that the writing shall be received as written by the other person, or (2) impersonates the other person signing an instrument which was to be signed or indorsed by the other person. If, however, there is no intent to impersonate such other person, the offense of forgery is not committed." Wharton's Criminal Law & Procedure, Anderson, Vol. 2, sec. 629.

Under the above quotation there are cases cited from many states including Tennessee. The Tennessee cases are *Hale v. State,* 41 Tenn. 167, 78 Am.Dec. 488; and *Luttrell v. State,* 85 Tenn. 232, 1 S.W. 886, 4 Am.St. Rep. 760. These cases from Tennessee are well worth reading and are interesting from different standpoints but they do support the statement made in the text.

In the *Hale* case, supra, a statement is made which is very interesting in view of the present state of the law. The *Hale* opinion was written in September, 1860, or

more than a hundred years ago. Among other things, this was said:

"It was made at a time when technical objections operating as a shield for crime, were more indulged in than they are at the present day. The inclination now, both, of the Legislature and the Courts, is, not to screen the guilty, by artificial and unmeaning rules and distinctions, but to see that the law is enforced against the guilty."

It was then held in that case, which is certainly the law, that when one forges the question is whether or not what he did was sufficient that fraudulent intent existed, and if that be true then the object of the forgery statute has been accomplished.

In the other Tennessee case, *Luttrell v. State,* supra, among other things the Court at that time (1886) said this:

"Of this there can be no doubt, and that is all that is required. Code (M. & V.), sec. 5946. The answer to the second is equally obvious and easy. By our statute 'forgery is the fraudulent making or alteration of any writing to the prejudice of another's rights.' Code sec. 5492. Forgery is one class of common-law cheats, and is, by Bishop, defined as 'the false making or materially altering, with intent to defraud, of any writing which, if genuine, might apparently be of legal efficacy, or the foundation of legal liability.' 1 Bish.Cr.Law, Section 1008."

■■ We cite these cases of a hundred years ago as ample authority to support the conviction in the present case. Unquestionably the evidence herein sufficiently establishes that the instrument was forged and that it

might have been prejudicial to the rights of Clyde Wilson, that is the other Clyde Wilson, and, if there was the intent to do this, as it clearly was under the evidence herein of Mr. Robinson, it was the intent to take advantage of another. We think, therefore, applying the often expressed rule that when the jury has reached its verdict and it has been approved by the trial judge that this accredits the testimony of the witnesses of the State and resolves all conflict in favor of the theory of the State. We think the evidence is sufficient to support the verdict.

■■ Of course, it is argued that this verdict of from one (1) to three (3) years is too harsh for the amount of the check forged. The punishment was clearly within the limits of the law, T.C.A. sec. 39-1721, sec. 39-4203 and sec. 39-4204. Merely because the punishment was fixed as it was, this, within itself under this type of crime, does not indicate passion, prejudice and caprice. *Ryall v. State,* 204 Tenn. 422, 321 S.W.2d 809. It has been the practice of this Court with very few exceptions not to disturb the punishment imposed by a jury which is within the limits of the law. *Broyles v. State,* 207 Tenn. 571, 341 S.W.2d 724 and others.

■ The jury was properly charged as to the minimum and maximum punishment and it could impose such punishment if it found the defendant guilty. We think the jury and trial judge, who see and hear all the witnesses testify, so long as they do not fundamentally violate the statutes are in a better position to know what punishment should be imposed for a fraudulent act of the kind than are we. Clearly this evidence indicates that the jury believed that this man went there with the fraudulent intent and purpose of getting money on a forged instrument which he forged. Punishment should not be measured

by the amount that the criminal reaps from the crime he has committed. The punishment is to try to keep others in the future from committing similar crimes.

This case has been well presented and exceptionally well briefed. After a careful consideration we are satisfied that the verdict should not be disturbed. Thus it is that the judgment of the trial court is affirmed.