SAMUEL PETTYJOHN, alias Sam Petty John, Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.

463 S.W.2d 148.

Court of Criminal Appeals of Tennessee. Nov. 30, 1970.

Certiorari Denied by Supreme Court Jan. 18, 1971.

Harold E. Brown, Chattanooga, for plaintiff in error.

David M. Pack, Atty. Gen., Thomas E. Fox, Deputy Atty. Gen., Nashville, John Jerry Foster, Asst. Dist. Atty. Gen., Chattanooga, for defendant in error.

## OPINION

DWYER, Judge.

Samuel Pettyjohn appeals from convictions in the Criminal Court of Hamilton County for committing the offenses of assault to commit murder in the second degree and carrying a pistol with resulting punishment in the assault case at confinement for not less than one year nor more than two years in the State Penitentiary. The punishment for carrying a pistol was assessed at a fine of $50 and confinement for eleven months and twenty-nine days in the workhouse. The court pronounced judgment on the verdicts returned by the jury and denied a motion by the State that the sentences be served consecutively. The sentences imposed will be served concurrently. See T.C.A. § 40-2711.

The facts summarized briefly reveal that the defendant accompanied a friend to a body and repair shop in Hamilton County for the purpose of having his friend's car repaired. An argument ensued in the repair shop between the prosecutor and the friend over parts that had been ordered to repair the car, when the friend cancelled the order for the repairs to be made. It appears the prosecutor would not turn the car back to the defendant's friend until he ascertained whether the order for the parts had been rescinded. The defendant and his friend left and returned with a key to the car. The prosecutor refused to turn the car over to the defendant's friend. The defendant pulled a pistol and threatened the prosecutor and other employees. The car was then taken by the defendant and his friend from the garage. A warrant was sworn out by the prosecutor with resulting arrest and indictment of the defendant. At the trial the issue of the assault with the pistol by the defendant was testified to by State witnesses, with a clear-cut question of fact being made by the denial of the charges by the defendant and his witnesses. The jury, by its verdict has accredited the proof of the State to the repudiation of the defense.

■ The defendant assigns error contending that the evidence preponderates against his guilt and in favor of his innocence and is incompatible with the law. He predicates his assignment seemingly on discrepancies in testimony of State witnesses developed in the trial and their testimony given at the city court hearing. When, as related here, there is a sharp question of fact it becomes the jury's prerogative to resolve the issues. We examined this record with the well settled rule of law in mind

that when the jury finds the defendant guilty and their verdict is approved by the trial court the defendant loses his presumption of innocence and is before this court under a presumption of guilt. He has the burden to remove that presumption. See Gann v. State, 214 Tenn. 711, 383 S.W.2d 32. He has not displaced that presumption of guilt in our review of this record. There is ample evidence to sustain the verdict of the jury. The defendant pulled the pistol, pointed it at the prosecutor and had pulled the hammer back and was cursing. This was subsequent to the argument about possession of the car. If the defendant had fired the pistol and killed the prosecutor or one of the employees there would, as we view it, have been a sufficiency of evidence to sustain a conviction of murder in the second degree of which malice is the essential ingredient, which may be inferred from the use of a deadly weapon. See Gann v. State, *supra.* We have read the cited authorities of the defendant as to his assumption that a witness contradicting himself is no proof at all of the fact. In this record, as related, the proof of the witnesses for the State and the defense were opposed one to the other. It became the prerogative of the jury to settle the issue, the truth of the matter. See DeGrafenreid v. Nashville Ry. and Light Company, 162 Tenn. 558, 561, 39 S.W.2d 274. The assignments pertaining to the evidence are accordingly overruled.

The defendant next contends the court erred in not granting a new trial after it was shown that the jury arrived at its verdict not because of the evidence but because a member was prejudiced against Negroes. He further contends that the jury discussed when the defen-

dant would be paroled. He bottoms his contention on affidavits of two jurors, one who stated they discussed how much time the defendant would have to serve before being paroled and the other, that they discussed how much time he would have to serve before being paroled and made a general statement that a third juror was prejudiced against Negroes. He relies upon Graham v. State, 202 Tenn. 423, 304 S.W.2d 622, to support his contention. In Graham v. State, *supra,* our Supreme Court reversed the judgment entered because the assistant attorney general quoted and argued the effects of the indeterminate sentence law to the jury. We are not confronted with that situation in this record. We have read the affidavits submitted. The urging of the defendant is that the jury arrived at its verdict by incorrect reasoning and facts not proper to be considered and upon principles not applicable to the case. The bill of exceptions fails to reflect any evidence heard by the trial court in support of the affidavits on the motion for a new trial. This alone under our law would suffice in rejecting the contention of the defendant. See Odeneal v. State, 128 Tenn. 60, 157 S.W. 419; Eatherly v. State, 118 Tenn. 371, 101 S.W. 187. In Lee v. State, 121 Tenn. 521, 554, 116 S.W. 881, 890, the following language may be found:

> "* * * if the verdict they render is supported by the evidence, this court could not set it aside upon the affidavit of a juror that he reached this result by erroneous reasoning, or from considerations that should not have influenced him, but will presume that the result arrived at was the legitimate result of the law and the facts."

In 24 C.J.S. Criminal Law § 1494, page 304, the following may be found:

*"Explanations of the verdict* by means of the sworn statements of jurors are in the nature of an impeachment of such verdict and, therefore, inadmissible."

All authorities agree that affidavits of jurors are frowned upon and given no credence except under extraordinary circumstances, which is not found in this record. In overruling defendant's first assignment of error we found the verdicts as returned to be supported by the evidence and compatible with the law. We further note that in one of the affidavits the juror expressed they had no trouble in deciding (1) Pettyjohn had a gun and (2) he used it in a way that amounted to an assault. The assignment is therefore accordingly overruled.

■ Defendant next contends the punishments imposed reflected passion, prejudice and caprice. They were within the limits as prescribed by law. Therefore, it cannot be heard they reflect passion, prejudice and caprice. See Ryall v. State, 204 Tenn. 422, 321 S.W.2d 809.

All assignments having been evaluated and found meritless the judgment of the trial court afore imposed is affirmed.

OLIVER, J., concurs.