STATE of Missouri,
Plaintiff-Respondent,

v.

Eric Bryant SIMMONS,
Defendant-Appellant.

No. 38529.

Missouri Court of Appeals,
St. Louis District,
Division One.

Feb. 7, 1978.

Mary Elizabeth Dockery, Asst. Public Defender, Robert C. Babione, Public Defender, St. Louis, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Carson W. Elliff, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

McMILLIAN, Judge.

Appellant appeals from a judgment of conviction for manslaughter and an eight (8) year sentence of imprisonment. For reversal he argues that the court erred in failing to order a new trial on its own motion inasmuch as a juror's affidavit showed that the assessment of punishment was arrived at by a quotient verdict. We affirm.

Gratuitously we note that appellant's allegation of error in his motion for a new trial was bottomed upon pressure and coercion being exerted against the juror; whereas appellant's point of error on appeal complains of the quotient verdict because it lacked unanimity. While both concern jury misconduct, the contentions are separate and distinct. Threats, force, and coercion used to force unanimity among jurors put into question the verdict of guilty; while the use of a quotient verdict to determine the length of sentence questions only the punishment determination. Because the allegation now made was not included in appellant's motion for a new trial, nothing is preserved for review. *State v. Wright*, 515 S.W.2d 421, 432 (Mo.1974); *State v. Carr*, 499 S.W.2d 788, 790 (Mo.1973).

In any event, Missouri courts have not permitted a juror to impeach his verdict where the alleged misconduct occurred inside the jury room. In the early case of *State v. Underwood*, 57 Mo. 40 (1874), the court declared: ". . . The rule is perfectly settled, that jurors speak through their verdict, and they cannot be allowed to violate the secrets of the jury room, and tell of any partiality or misconduct that transpired there, nor speak of motives which induced or operated to produce the verdict. . . ." This statement was cited with approval and followed in *State v. McDaniel*, 392 S.W.2d 310, 318 (Mo.1965); *State v. Linn*, 223 Mo. 98, 122 S.W. 679, 682 (1909) and *State v. Keller*, 104 S.W.2d 247, 249 (Mo.1937).

Here the affidavit of the juror is an abortive attempt to impeach the verdict. As such it cannot be allowed. To permit a juror to testify as to alleged misconduct occurring inside the deliberation room would lead to the situation deplored by Mr. Justice Cardozo in *Clark v. United States*, 289 U.S. 1, 12, 53 S.Ct. 465, 468, 77 L.Ed. 993 (1933):

"The books suggest a doctrine that the arguments and votes of jurors . . . are secrets, protected from disclosure unless the privilege is waived . . . Freedom of debate might be stifled and independence of thought checked if jurors were made to feel that their arguments and ballots were to be freely published to the world. . . ."

Accordingly, judgment is affirmed.

CLEMENS, P. J., and SMITH, J., concur.