OPINION OF THE COURT
 

 Memorandum.
 

 The order appealed from should be affirmed, without costs. In a proceeding seeking to terminate parental rights on the ground of abandonment so as to free a child for adoption, the fundamental inquiry must be whether in fact the parent’s behavior constituted abandonment, and not whether such a finding would be in the "best interests” of the child. This is so because "a court may not terminate all parental rights by offering a child for adoption when there has been no parental consent, abandonment, neglect or proven unfitness, even
 
 *863
 
 though some might find adoption to be in the child’s best interests”
 
 (Matter of Sanjivini K.,
 
 47 NY2d 374).
 

 The decision of the Surrogate in this instance was properly based upon the factual finding made by that court that appellant mother had abandoned her children, and not upon a "best interests of the child” analysis. The court’s statement that its disposition was also in accord with the best interests of the children in no way impairs its conclusion that the children had been abandoned. Indeed, most often a finding of abandonment where there has in fact been an abandonment will also be in the best interests of the child. Here, the finding of abandonment is supported by an abundance of evidence and has been affirmed by .the Appellate Division; hence it may not be upset by this court. This is so regardless of whether this proceeding should be governed by section 384 of the Social Services Law as that statute existed prior to the 1976 amendments (L 1976, ch 666), or by the present statutory scheme embodied in section 384-b of the Social Services Law, for there simply exists insufficient evidence upon which a finding could be made that appellant mother was unable to visit or communicate with her children or that such activities were discouraged by respondent (see Social Services Law, § 384-b, subd 5, par [a]). Hence, we do not reach the issue of the applicability of the 1976 amendments to this proceeding.
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur in memorandum.
 

 Order affirmed.