OPINION OF THE COURT
Frank D. Paulo, S.
The petitioner, stepmother of J. M., an infant, seeks an order permitting her to adopt said infant as her son without the consent of his mother. Respondent, the natural mother, has moved to dismiss the petition pursuant to section 111 (subd 2, par [a]) of the Domestic Relations Law. It is her position that before the petitioner may prevail she must establish that the respondent has abandoned her son.
The issues presented are absent proof of abandonment by the respondent, will something less justify the court in dispensing with the mother’s consent to this adoption, and if not, has petitioner proven that respondent has abandoned her child.
The law is clear that the best interests of the infant alone will not be enough to preclude the right of a parent to either custody or parenthood. (See Matter of Bennett v Jeffreys, 40 NY2d 543; Matter of Sanjivini K., 47 NY2d 374; Matter of Female W., 47 NY2d 861.)
Petitioner contends that the standard in Matter of Bennett v Jeffreys (supra) has changed the entire field of adoption and custody. In that custody case, the Court of Appeals established a two-pronged test to determine the State’s right to intervene in the right and responsibility of a *171 natural parent to the custody of his or her child. If the court finds surrender, abandonment, unfitness, persistent neglect, unfortunate or involuntary extended disruption of custody or extraordinary circumstances, then the court may proceed to inquire into the best interests of the child.
Petitioner contends that "if the Court determines, based upon the evidence, that one of these elements has been found, then the consent * * * will not be necessary from the natural mother.”
The petitioner’s afore-mentioned contention is not supported by the law in this area. The standard in Matter of Bennett v Jeffreys (supra) is applicable in a custody proceeding, but not an adoption matter.
In Matter of K. W. V. (92 Misc 2d 292, 295), Surrogate Midonick discussed the differences between custody proceedings and those which finally determine the termination of parental rights. "Termination of parental status and rights must be viewed as intrinsically more serious than custodial awards of infants away from parents.”
In Matter of Bistany (239 NY 19, 24), Judge Cardozo wrote that "The petitioners ask for more than custody. They seek to make the child their own.”
Adoption was unknown at common law and exists in this State solely on the basis of the statute. Because adoption is in derogation of the common law, strict construction of the adoption statutes is necessary. (18 Carmody-Wait 2d, NY Prac, § 111:3, p 365; 12B Zett-Edmonds-Buttrey-Kaufman, NY Civ Prac, par 39.01, subd [3].)
Under these canons of construction, section 111 of the Domestic Relations Law must be construed strictly. Either the natural parents give consent to the adoption or the consent may be dispensed with only if the statutory test is met. On the facts before us, the applicable test is set forth under section 111 (subd 2, par [a]) of the Domestic Relations Law.
In Matter of Sanjivini K. (47 NY2d 374, 382, supra), the Court of Appeals stated: "In any event a court may not terminate all parental rights by offering a child for adoption when there has been no parental consent, abandonment, neglect or proven unfitness, even though some might find adoption to be in the child’s best interests (Matter of Corey L v Martin L, 45 NY2d 383).”
In Matter of Female W. (47 NY2d 861), decided June 12, *172 1979, the Court of Appeals held that the fundamental inquiry in a proceeding to terminate parental rights on the ground of abandonment so as to free a child for adoption, is whether in fact the parent’s behavior constitutes abandonment and not whether such a finding would be in the best interests of the child.
The court is required in this case to find an abandonment by the respondent in order to dispense with the consent of the respondent. Lesser grounds will not justify dispensing with the consent.
Section 111 (subd 2, par [a]) of the Domestic Relations Law provides that consent to the adoption is not required of a parent who "evinces an intent to forego his or her parental or custodial rights and obligations as manifested by his or her failure for a period of six months to visit the child and. communicate with the child or person having legal custody of the child, although able to do so”.
The Court of Appeals has set forth the circumstances which would point to the finding of an abandonment in the following cases:
Abandonment is defined as a "settled purpose to be rid of all parental obligations and to forego all parental rights”. (Matter of Maxwell, 4 NY2d 429, 433.)
"Abandonment, as it pertains to adoption, relates to such conduct on the part of a parent as evinces a purposeful ridding of parental obligations and the foregoing of parental rights — a witholding of interest, presence, affection, care and support.” (Matter of Corey L v Martin L, 45 NY2d 383, 391.)
In Matter of Bistany (239 NY 19, 24, supra), it was stated that the acts must be so unequivocal as to bear one interpretation and only one, i.e., to abandon the child.
The facts in this case do not support a finding of an abandonment. While the evidence indicates that the natural mother’s conduct is shocking and is definitely not in the best interests of the child, the ties between the natural mother and the infant are not mere gossamer threads. Respondent brought a habeas corpus proceeding to determine the custody and/or visitation of the infant. She was given visitation rights. The father, petitioner’s husband, repeatedly blocked her in the exercise of these visitation rights. When respondent went to the infant’s school to inquire as to his problems at school, she was told that the school had been advised by the petitioner’s *173 husband not to give her any information. She also encountered similar blocking in her attempts to obtain information at the mental health clinic. The father continued in this path of conduct despite the fact that at one point the respondent brought a contempt proceeding in the Supreme Court to enforce her rights of visitation. Respondent sent gifts to the infant which were intercepted by petitioner, who failed to tell the infant of the gifts.
There is no doubt in the opinion of the court that the respondent should not have custody of this infant. Any contact with her son is detrimental to his well-being according to the psychiatric opinion at the Bensonhurst Mental Health Clinic. Having reached this conclusion, the court must emphasize that it is bound by the statutory standard and case law in dispensing with the respondent’s consent. The proof taken together does not point unequivocally to the conclusion that respondent abandoned the child. On the facts before the court there has not been a settled purpose to be rid of all parental obligations.
The motion to dismiss the petition for adoption is granted.