Danny Lee ASHBY *v.* STATE of Arkansas

CR 80-146                                          607 S.W. 2d 675
Supreme Court of Arkansas
Opinion delivered November 24, 1980

E. *Alvin Schay*, State Appellate Defender, by: *Deborah R. Sallings*, Deputy Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *James F. Dowden*, Asst. Atty. Gen., for appellee.

JOHN F. STROUD, Justice. Appellant was charged with the aggravated robbery of a Conway supermarket on April 24, 1979. After three employees of the store testified that he was definitely the man who had committed the robbery and a fingerprint expert identified a thumb print on the cash register as appellant's, he was convicted by a jury on November 15, 1979, and sentenced to imprisonment for 50 years. The jury was polled at the request of appellant and all of the members indicated that this was their verdict, although one juror, Mrs. Nutter, seemed hesitant in her response. She was then allowed to explain her hesitancy, stating:

> I really would like to answer. We felt like this sentence — he would not be kept there the full time if he made improvements in his character, and we felt like it was up to him.

Appellant subsequently filed a motion to set aside the verdict, alleging that it was based on prejudice and passion and that at least one juror improperly considered the possibility of parole in determining his sentence. From the denial of this motion by the trial court, appellant brings this appeal. We think the trial court did not abuse its discretion in rejecting the motion and we affirm the conviction.

The sole question on this appeal is whether juror Nutter's statement concerning a possible early release of appellant reflected an impermissible consideration of Arkansas' parole system by the jury in the determination of his sentence. Appellant contends that our holding in *Andrews* v. *State*, 251 Ark. 279, 472 S.W. 2d 86 (1971), requires a finding of reversible error on this point. In *Andrews*, supra, this court held that information concerning the parole system was not to be given the jury, and if asked about it the trial court should instruct the jury that the matter is one with which they need not be concerned. In the present case there is no

allegation that the trial court, or any other officer of the court, imparted any information to the jury concerning parole eligibility. We do not think *Andrews*, supra, is applicable here. If the jury, or any of them, did take the possibility of parole into consideration in their determination of appellant's sentence, any information they had concerning parole was independent knowledge which they had prior to trial. Arkansas Model Instructions Criminal, 103, given to the jury by the trial court in the present case without objection, provides:

> In considering the evidence in this case you are not required to set aside your common knowledge, but·you have a right to consider all the evidence in the light of your own observations and experiences in the affairs of life.

We still adhere to our statement in *Woods* v. *State*, 260 Ark. 882, 884, 545 S.W. 2d 912 (1977), wherein this court noted:

> . . . it is hardly possible that even one person, much less twelve, old enough to serve on a jury would not know that Arkansas has a parole system.

A jury can be polled pursuant to Ark. Stat. Ann. § 43-2160 (Repl. 1977), but the inquiry should be limited to determining that the verdict is that of each juror and "Whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror." Ark. Stat. Ann. § 28-1001, Uniform Rules of Evidence, Rule 606(b). It would be highly unrealistic for this court to think that jurors do not consider the possibility of parole in arriving at a sentence in a criminal case. The outward expression of that by a juror is not grounds for a new trial.

Accordingly, we cannot say the trial court abused its discretion in refusing to set aside the verdict of the jury.

Affirmed.

PURTLE and MAYS, JJ., dissent.

JOHN I. PURTLE, Justice, dissenting. I dissent for the reason that the jury was allowed to consider or speculate on how the parole system works in Arkansas and how it would affect appellant's sentence. As the majority recognizes, we have previously reversed convictions when a court or other officials commented on the parole eligibility of an accused. Since the court is not allowed to explain the system to the jury, *Bush* v. *State*, 261 Ark. 577, 550 S.W. 2d 175 (1977), certainly the jury should not be allowed to speculate on it by trying to figure out how the system would work as it relates to the sentence they impose. There is absolutely nothing in the record to indicate that the jury even possessed any accurate knowledge of how the system really works. This information may have been completely erroneous.

As far as I am concerned, it was proper to question the jury on this subject pursuant to Ark. Stat. Ann. § 28-1001 (Repl. 1979), Uniform Rules of Evidence, Rule 606(b), relating to extraneous prejudicial information which may have been considered in deliberation. Not only does the majority hold that it was not prejudicial error for the court to fail to set aside this verdict, which was obviously based at least in part on matters not before the jury, it encourages future juries to speculate on parole eligibility when assessing a sentence. If we are going to reverse our previous holdings and allow such matters to be considered by the jury, we should not only allow but require the court to give the jury instructions reflecting the manner in which the parole system is actually supposed to work. In my opinion, this would play havoc with the system as it now operates.

We have previously stated that if the jury even seeks information about the parole system the court should explain to them that it was a matter of no concern to them. *Andrews* v. *State*, 251 Ark. 279, 472 S.W. 2d 86 (1971). Therefore, I would reverse and remand.

I am authorized to state that Mays, J., joins me in this dissent.