434 S.W.2d 829 (1968)
FRANKLIN POWER & LIGHT COMPANY
v.
MIDDLE TENNESSEE ELECTRIC MEMBERSHIP CORPORATION.
Supreme Court of Tennessee.
October 11, 1968.
*830 William F. Howard, Nashville, Berry & Berry, Franklin, and MacFarland & Colley, Columbia, for petitioner.
T.G. Pappas, Nashville, of counsel, Bass, Berry & Sims, Nashville, MacFarland & Reed, Lebanon, and Marshall E. Duggin, Woodbury, for respondent.

OPINION
BURNETT, Chief Justice.
The parties will hereinafter be referred to as they appeared in the trial court; that is, Middle Tennessee Electric Membership Corporation, complainant, and Franklin Power and Light Company, defendant.
Certiorari was granted in this case in which the question to be answered by this Court is who has the right to furnish electricity to an area which has been supplied by one utility district when such area is annexed to a town which is being served by another utility under a franchise granted by the town.
The pertinent facts and history of the case are as follows:
The complainant is a co-operative, non-profit electric membership corporation chartered in 1936. The defendant is an investor owned public utility incorporated under the laws of Tennessee.
The complainant filed a bill in the Chancery Court for Williamson County, Tennessee, for an injunction to restrain the defendant corporation from construction of electric power facilities and from serving subscribers within certain areas annexed by the Town of Franklin. The complainant alleged that it had served members in the newly annexed areas for a number of years and that it had a right to continue to serve these and other persons within the annexed areas.
It was alleged that on June 24, 1929, the Town of Franklin granted a franchise to the defendant for the purpose of "providing and furnishing electrical energy and power to the Town of Franklin and its inhabitants." It was further alleged that the areas in question were annexed by the Town of Franklin on November 2, 1964. The complainant alleges that the defendant has begun the construction of utility poles and other equipment in the areas in question and that such action is in violation of T.C.A. § 65-414 and § 6-604. It is also alleged that the defendant is in violation of a contract executed between Tennessee Valley Authority and the defendant.
An injunction fiat was issued. The defendant answered and filed a cross-bill. In its answer the defendant denied that it was in violation of the above mentioned sections of T.C.A., or of any contract provisions executed between it and the Tennessee Valley Authority. The defendant thus asserted that it held the only valid franchise to serve persons in the newly annexed areas.
The defendant further alleged that on February 26, 1956, it entered into an agreement with the complainant by which it was agreed that the defendant, Franklin Power and Light Company, had the right to serve electric customers located within the corporate limits of the Town of Franklin as from time to time expanded; and that the complainant has recognized this agreement in the past but has failed to so recognize it now. It was also alleged by the defendant that it has offered to pay the complainant for the complainant's property in these annexed areas as has been done in the past, but that this offer has been refused. The defendant also asked for damages for breach of this alleged contract and for the complainant wrongfully suing out the injunction.
The matter was heard by agreement on oral testimony before Chancellor Wallace J. Smith, who retired before rendering a decision. Thereafter, Chancellor John H. Henderson Jr., who succeeded Chancellor Smith, rendered a decision that the defendant, *831 Franklin Power and Light Company, held the "only valid franchise to serve the people within the corporate limits of the Town of Franklin as from time to time expanded", and that therefore it acquired the right to serve the persons within the areas in question and that the complainant had no such right.
The Chancellor specifically held that the defendant was not in violation of either of the Code Sections mentioned in the complainant's bill. The Chancellor further held that the injunction was wrongfully issued. He dissolved said injunction and referred the question of damage for the wrongfully suing out of the injunction to the master for a specific finding.
The complainant then perfected an appeal to the Court of Appeals. That court held that regardless of whether the complainant, Middle Tennessee Electric Membership Corporation, had acquired a franchise from the Town of Franklin (it was stated that it had not done so), it had a vested right to continue to serve the members which it was serving at the time of the annexation. The Court of Appeals further stated that "the taking away of such rights without just compensation violates both the spirit and the letter of Article I, Section 21 of the Constitution of Tennessee."
It was further held in the opinion of the Court of Appeals that the complainant could not solicit and serve new members in the annexed areas without a franchise from the Town of Franklin. The only exception to this was that the complainant could add transferee members where pre-annexation members had resigned, moved away or for some other reason had discontinued their membership; "provided, however, that only subsequent occupants of those houses or places of business actually connected to the co-op lines as of date of annexation would be eligible as such transferee members."
The Court of Appeals then stated that the defendant could compete with the complainant for the business of the residents of the newly annexed areas and that the Chancellor was correct in concluding that the injunction was wrongfully issued.
The defendant, Franklin Power and Light Company, petitioned for a writ of certiorari attacking that portion of the decree of the Court of Appeals which allowed the complainant to continue serving customers within the annexed areas. We granted the writ and after considering oral and written argument and independently researching the matter, we are in a position to render a decision.
In so doing our task is twofold. First to consider the statute applicable to the problem at hand in an attempt to determine whether the Legislature has laid down any laws governing the situation at hand; and second to determine whether these statutes violate any constitutional provisions.
A review of the pertinent Code Sections leads us to believe that it is the intention of the Legislature that before any corporation may furnish electricity within the territory of a municipality it must have the permission of that municipality, such permission being in the form of a franchise. This would appear to be true even where the corporation has, as is the case here, been serving the area before it became a part of the municipality.
T.C.A. § 6-318, which deals with annexation, provides in part that:
"* * * The annexing municipality, if and to the extent that it may choose, shall have the exclusive right to perform or provide municipal and utility functions and services in any territory which it annexes, notwithstanding § 6-2607 or any other statute." [Emphasis added].
This provision appears to us to deal directly with the problem at hand. The remainder of the statute sets up an arbitration procedure to be followed by the parties provided they cannot agree as to the details of *832 the change in operation, if there has to be a change.
T.C.A. § 65-2205 invests corporation such as the complainant with certain powers relating to the placing of its electric wires, etc. However, the first sentence of this statute reads:
"Said corporation, after having first obtained permission from the governing authorities thereof * * *."
T.C.A. 65-2508, a portion of the electric co-operative law, reads as follows:
"A cooperative shall have power:
* * *
"(1) To construct, maintain, and operate electric transmission and distribution lines along, upon, under, and across all public thoroughfares, including without limitation all roads, highways, streets, alleys, bridges, and causeways, and upon, under, and across all publicly-owned lands; provided, however, that the respective authorities having jurisdiction thereof shall consent thereto * * *." [Emphasis supplied].
Both the Chancellor and the Court of Appeals stated as a fact that the Town of Franklin had not granted the complainant a franchise to furnish electricity to persons residing in the annexed areas. The Court of Appeals stated:
"On the other hand, the Town of Franklin has the right to determine who shall be granted a franchise to furnish electric power in these newly annexed areas which are now a part of such Town and it has not granted any franchise to the co-op."
The Court of Appeals, however, based its opinion upon the fact that it would be more equitable to allow the complainant to serve its members in the newly annexed areas regardless of whether it had a franchise; and that it would be an unconstitutional taking of the complainant's property not to let it continue its operations in these areas.
However, with all due respect to the Court of Appeals we are of the opinion that the effect of their opinion was to substitute their judgment for that of the Legislature. The intent of the Legislature, as manifested by the statutes cited herein and others, is that the annexing town has the right to determine who shall furnish electricity to the annexed areas.
In the case of Franklin Light & Power Co. v. Southern Cities Power Co., 164 Tenn. 171, 47 S.W.2d 86 (1931), a case involving same Town of Franklin, this Court reviewed numerous statutes dealing with the problem at hand. The conclusion of the Court was that although the State gave the power to companies to furnish services such as these, the power to control these services within their boundaries remains in the municipalities. We use the term control here as meaning the right to grant the privilege of operating within the municipal territories.
As previously stated, the Court of Appeals partially relied upon the fact that to prohibit the complainant from continuing service to its customers would amount to an unconstitutional taking of its property. This argument is also ably presented before us in the complainant's brief. Although it was perfectly proper for the Court of Appeals to make such a determination, we find ourselves unable to agree with their conclusions.
The specific constitutional provision referred to in the opinion of the Court of Appeals was Article I, § 21 of the Constitution of Tennessee, which reads as follows:
"That no man's particular services shall be demanded, or property taken, or applied to public use, without the consent of his representatives, or without just compensation being made therefor."
*833 It appears that the defendant has made an offer to the complainant to purchase the complainant's facilities in the newly annexed areas for a price of $108,000.00, based on an appraisal made by the Tennessee Valley Authority, as has been done after previous annexations. It further appears that this price is substantially above the actual value of the facilities. We thus fail to see wherein the above constitutional provision is being violated.
The complainant argues that it has a right to use its property as it is and that to force it to give up this right amounts to an unconstitutional taking thereof. It should be noted, however, that it is not every taking of a property right which amounts to a violation of the constitution. It is only an unreasonable taking which does so.
In the instant case numerous factors are present which, in our opinion, make this taking reasonable. First, there is the fact that the legislative rules governing the present situation are reasonable ones. One can readily see how confusion could result if persons and/or institutions other than the municipalities were allowed to decide who should furnish electricity within the boundaries of the municipality, and where the lines are to run. If such were the case there might be several sets of electric lines running along the same road.
We have previously stated that the complainant has been offered a reasonable price for its facilities. This is another factor which is to be considered in determining the reasonability of this taking.
When the complainant, co-op, began operating in the area adjacent to Franklin it knew or should have known that Franklin could and probably would expand the city limits, and the complainant therefore took the risk of having to remove or sell its property in the annexed area unless it could obtain the right to operate within the city limits.
A factual situation somewhat similar to the present one was present in the case of Farmers Electric Cooperative Corp. v. Arkansas Power & Light Co., 220 Ark. 652, 249 S.W.2d 837 (1952). The following language would indicate that whether the complainant could reasonably foresee what would happen is one factor to be considered in determining whether its property had been wrongfully taken:
"The circumstances here are quite different. The territory assigned appellant was contiguous to the city. The normal trend of a town or a city is to build, hence one claiming rights pertaining only to rural territory enters such an area with notice that the municipal corporation will very likely expand, as Newport did in this case * * *"
We have not overlooked the cases cited by the complainant which reach a different result than that reached by us here. We can only say that after reading these cases it is apparent that the courts therein were undertaking to exercise legislative functions. The intention of our Legislature is clearly manifested through the statutes. Such intent being reasonable it is our duty to give effect thereto.
The respondent, Middle Tennessee Electric Membership Corporation, as allowed under Rule 13 and as is provided in § 27-823, T.C.A., has filed two separate assignments of error. What we have heretofore said in this opinion answers these assignments because of their relation to the conclusions we have reached herein. These assignments are that the Court of Appeals erred in its interpretation of Item 6 of the contract between the co-op and the T.V.A. and likewise erred in its holding that the injunction was wrongfully issued in the first place.
It results that the assignments of error of the petitioner, Franklin Power & Light *834 Company, are well taken and the decision of the Chancellor is reinstated.

OPINION ON PETITION TO REHEAR
Counsel for the co-op has filed herein a dignified and respectful petition to rehear. In this petition it is insisted that we overlooked:
"1. The Town of Franklin has not attempted to take the Complainant's property. In fact, the Town of Franklin recognized the rights of Complainant to the areas in question.
"2. The Defendant, Franklin Power and Light Company, a privately owned non-municipal utility, does not have the right to take by eminent domain or otherwise the property of the Complainant which is devoted to a like public use, the furnishing of electricity.
"3. In any event, there has been no valid judicial determination of the value of Complainant's property to be taken. The appraisal made by the Tennessee Valley Authority does not satisfy the due process requirements of the State and Federal Constitutions.
"4. There was no contract between the parties requiring the Complainant to sell its facilities to the Defendant for the value placed on them by the Tennessee Valley Authority, and the only Court that specifically passed on this question was the Court of Appeals, and it so held."
We have again gone over this record and the various exhibits thereto and feel that the only question presented in this case when it was tried, submitted to the Chancellor, and presented in the Court of Appeals has been sufficiently, and we feel correctly, answered in our original opinion.
This petitioner, the Middle Tennessee Electric Membership Corporation, in its assignments of error and brief to the Court of Appeals stated: "The issue in this case can be stated in one question. Does an electric cooperative lose the right to serve its members in an area after it has been annexed by a municipality?" This was the only question presented and the only question argued in that court. The co-op filed cross assignments of error, as it had a right to do, when the matter was presented to this Court on petition for certiorari. We answered those, we think, sufficiently in our original opinion.
The co-op now in support of this petition merely cites certain exhibits and a statement of the Court of Appeals, and refers to page 17 of the opinion of the Court of Appeals for that statement. We have the opinion of the Court of Appeals before us and the only thing that this opinion does with reference to the questions attempted now to be presented herein purely and simply says that the letter of September 25, 1956, referred to, "does not contain any language which could be construed as a contract to sell the facilities involved in this suit, even if it should be conceded that Mr. Howard and Mr. McMasters had proper authority to make such a contract of sale.
"Therefore, it appears to us that by weight of authority from other jurisdictions, and in accordance with the principles of equity and justice prevailing in this State, the co-op should be allowed to continue to serve from distribution lines constructed in the newly annexed areas prior to November 2, 1964, which was the date of annexation, such persons who were its members on that date and who desire to continue their membership and to receive service from the co-op."
Obviously, from what the Court of Appeals says the co-op is merely using this argument now on its petition to rehear as another argument for their position that the Town of Franklin does not have the right *835 to serve this newly annexed area. We think we have sufficiently answered all these questions in our original opinion.
Since there is nothing new presented here, the petition to rehear is denied.