**STATE of Tennessee, Appellant,**

v.

**Brenda G. BRYANT, Appellee.**

**STATE of Tennessee, Appellant,**

v.

**Michael Wayne DOWNS and Stephen Anthony Downs, Appellees.**

Supreme Court of Tennessee,
at Nashville.

March 4, 1991.

Charles W. Burson, Atty. Gen. and Reporter, James W. Milam, and Linda Ann Hammond, Asst. Attys. Gen., Nashville, for appellant.

Daniel P. Street, Kingsport, for appellee Brenda G. Bryant.

David L. Raybin, James L. Weatherly, Nashville, and Joe M. Haynes, Goodlettsville, for appellees Michael Wayne Downs and Stephen Anthony Downs.

## OPINION

ANDERSON, Justice.

The sole question presented by these consolidated cases is whether Tennessee appellate courts have the authority to review fines imposed within statutory limits by trial courts. The State contends the appellate courts have no such authority. We disagree.

## FACTS

We recite here a brief summary of the facts in each consolidated case relevant to the issue before us.

*State v. Bryant:*

The Appellee, Brenda Bryant, was convicted of possession of more than 30 grams of cocaine with intent to sell by a Sullivan County Criminal Court jury, which then assessed a fine of $200,000. The trial court sentenced Bryant to 35 years imprisonment as a persistent Range II offender and imposed the fine ordered by the jury. The Court of Criminal Appeals affirmed the conviction, but vacated the fine.

*State v. Downs:*

The Appellees, Michael and Stephen Downs, were convicted of possession of 5 grams or more of a substance containing hydromorphine with intent to sell by a Maury County Circuit Court jury, which then assessed fines against each defendant of $100,000. The trial court sentenced each defendant to 35 years imprisonment as standard Range I offenders, and imposed the fine ordered by the jury. The Court of Criminal Appeals affirmed the Appellees' convictions, but modified each sentence by reducing the terms of imprisonment to 25 years and the fines to $50,000.

In each case we have granted the State's application for permission to appeal, in order to consider the question of the appellate courts' authority to review fines imposed by trial courts.

## HISTORY

From 1829 to 1982, Tennessee statutes required that juries, rather than judges, fix sentences in all cases except capital and misdemeanor cases. Judges were permitted to impose fines of $50 and under, but were prohibited from assessing fines over $50. Tenn. Const. art. VI, § 14.[1] Distrust of a powerful judiciary was said to have been the reason for both the 1829 statute and the constitutional provision. *See State v. Mackey*, 553 S.W.2d 337 (Tenn.1977), and *State v. Durso*, 645 S.W.2d 753, 755 (Tenn. 1983).

Until 1982, appellate review of sentencing was limited to issues of probation, consecutive sentencing, and capital punishment. Where the jury fixed sentences within the range authorized by the criminal statute, no appeal was available. *See Ryall v. State*, 204 Tenn. 422, 321 S.W.2d 809 (1959); *State v. Webb*, 625 S.W.2d 281 (Tenn.Crim.App.1980); *Johnson v. State*, 598 S.W.2d 803 (Tenn.Crim.App.1980).

In 1982 the legislature enacted the Criminal Sentencing Reform Act, Tenn.Code Ann. § 40–35–101, et seq. ("the Reform Act"), which transferred sentencing authority to judges for the most part. The notable exceptions were capital and habitual criminal prosecutions.

For crimes committed after July 1, 1982, the Reform Act provided for an appellate review of most sentencing determinations for both the defendant and the State. All parties concede these consolidated cases are subject to the review provided in the Reform Act, but differ over whether such appellate review of sentences encompasses review of fines.

## ARGUMENT

The State argues that the Reform Act does not authorize appellate review of fines because, in its view, fines are not part of the *sentence* imposed by the sentencing court. The State focuses on the part of the Reform Act dealing with appellate review and argues for a narrow construction, saying because fines are not specifically mentioned there, they are not reviewable. The State also contends the language granting appeal in the appellate review section, given its natural and ordinary meaning, is not applicable to fines. Specifically, they point to the words "length, range, or manner of service of the sentence" as being inapplicable to fines. The appellate review section of the Reform Act provides in part:

> **Appeal of sentence by defendant.**—(a) The defendant in a criminal case may appeal from the *length, range,* or the *manner of service of the sentence* im-

---

1. **Fines exceeding fifty dollars to be assessed by jury.**—no fine shall be laid on any citizen of this State that shall exceed fifty dollars, unless it shall be assessed by a jury of his peers, who shall assess the fine at the time they find the fact, if they think the fine should be more than fifty dollars.
Tenn. Const. art. VI, § 14.

posed by the sentencing court.... There shall be no appellate review of the sentence in a post conviction or habeas corpus proceeding.

(b) An appeal from a sentence may be on one (1) or more of the following grounds:

(1)˙ The sentence was not imposed in accordance with this chapter; or

(2) The mitigating and enhancement factors were not weighed properly, and the sentence is excessive under the principles of sentencing set out in § 40–35–103.

(c) If a sentence is appealed, the appellate court may:

(1) Dismiss the appeal;

(2) *Affirm, reduce, vacate, or set aside the sentence imposed;*

. . . .

(d) When reviewing sentencing issues raised pursuant to subsection (a), including the granting or denial of probation and the length of sentence, the appellate court shall conduct a de novo review on the record of such issues. Such review shall be conducted without a presumption that the determinations made by the court from which the appeal is taken are correct. If, in the opinion of the appellate court, the sentence is excessive or the manner of service of such sentence is inappropriate, the sentence shall be modified as provided in subsection (c).

Tenn.Code Ann. § 40–35–402 (Supp.1987) (emphasis added).[2]

## ANALYSIS

We examine first what the legislature intended when it passed the Reform Act, and how to determine that intent. This Court has said:

It is the duty of this Court to give effect to the Legislature's reasonable intent. *Franklin Power & Light Co. v. Middle Tennessee Membership Corp.*, 222 Tenn. 182, 434 S.W.2d 829 (1968). The meaning of the statute is determined by viewing the statute as a whole and in light of its general purpose.

*City of Lenoir City v. State,* 571 S.W.2d 297, 299 (Tenn.1978). Accordingly, we are required to view the statute as a whole and in light of its general purpose in order to determine its meaning.

The purposes of the Reform Act are expressly set out in the Act as follows:

**Purposes.**—The purpose[s] of this chapter are to:

(1) Punish a defendant by assuring the imposition of a sentence he deserves in relation to the seriousness of his offense;

(2) Assure the fair and consistent treatment of all defendants by eliminating unjustified disparity in sentences, providing fair warning of the nature of sentence to be imposed, and establishing fair procedures for the imposition of sentences; and

(3) Prevent crime and promote respect for law by:

(A) Providing an effective deterrent to others likely to commit similar offenses; . . . .

Tenn.Code Ann. § 40–35–102 (1982).

It seems elementary that the expressed purposes are going to be achieved with less frequency should the statute be construed to arbitrarily limit the appellate courts' review to only one part of the sentence. We also note that the Reform Act, Tenn.Code Ann. § 40–35–402, grants broad authority to the appellate courts to review sentences, including the right to "reduce, vacate or set aside the sentence imposed," which is the precise action the Criminal Court of Appeals took in each of the cases in question. In our judgment, this broad grant of authority is inconsistent with the narrow interpretation of appellate review urged by the State.

The State insists that fines are not part of the *sentence* imposed. The Reform Act does not define the word *sentence;* however, Webster's Third New International Dictionary defines it as follows:

[A] stated opinion, decision, or judgment; . . . the judgment of a court pronounced in a cause in civil and admiralty law; . . .

---

**2.** The 1989 amendment changed the standard of review to *include* a presumption of correctness of the trial court's determinations, Tenn.Code Ann. § 40–35–402(d) (Supp.1990).

the order by which a court or judge imposes punishment or penalty upon a person found guilty; *esp:* the punishment or penalty so imposed [the sentence was 10 years and a large fine] ... to decree, decide, or announce judicially; ... to condemn to penalty or punishment....

Accordingly, Webster's makes clear that *"sentence"* is a broad term which includes fine, probation, or confinement for a term of years and any other form of punishment imposed by the court.

The State argues for a narrow construction of *sentencing* because fines are not specifically mentioned in the appellate review section; however, fines are specifically identified as a sentencing alternative in that part of the Reform Act:

> **Sentencing alternatives.**—(a) A defendant convicted of a felony or a misdemeanor in this state shall be sentenced in accordance with this chapter.
>
> (b) The following sentencing alternatives in any appropriate combination, are authorized for defendants otherwise eligible under this chapter:
>
> (1) Payment of a fine either alone or in addition to any other sentence authorized by this subsection; ....

Tenn.Code Ann. § 40–35–104 (1982). This section also references Tenn.Code Ann. § 40–35–402(b)(1) (grounds for appeal).

Fines are also mentioned in Part 3 of the Reform Act, the title of which is "Sentences." Part 3 begins by specifying the procedure for fixing of fines by courts or juries.

### Part 3—Sentences

**Fixing of fine by court or jury.**—(a) Where the offense is punishable by a fine of fifty dollars ($50.00) or less, the court shall fix the fine.

(b) In a case where the *range of punishment includes a fine in excess of fifty dollars ($50.00)*, the jury finding the defendant guilty shall also fix the fine, if any, in excess of fifty dollars ($50.00). The jury shall report such fine with a verdict of guilty. *When imposing sentence, after the sentencing hearing, the court shall impose a fine, if any, not to exceed the fine fixed by the jury.* The defendant may waive the right to have a jury fix the fine and agree that the court fix it, in which case the court may lawfully fix the fine at any amount which the jury could have. If a plea agreement imposing a fine in excess of fifty dollars ($50.00) and the defendant's written waiver of the constitutional right to have a jury fix the fine is accepted by the court, the court may pronounce sentence including the fine, without a jury. If the conviction is upon a guilty plea and there is no jury waiver as herein provided, a jury shall be impaneled to fix the fine, if any, to be imposed by the court in an amount not to exceed the fine fixed by the jury.

Tenn.Code Ann. § 40–35–301 (1982) (emphasis added).

The State asserts that the language "length, range, and manner of service" are not terms which are ordinarily and naturally applicable to fines. However, part of the Reform Act, Tenn.Code Ann. § 40–35–301(b), *supra*, specifically uses the term *range of punishment* to refer to a fine in excess of $50.

The State also argues that fines are treated differently by the legislature in the Reform Act because of Article VI, § 14 of the Tennessee Constitution. The Reform Act does contain a different procedure for the fixing of fines, because of the Tennessee Constitutional provision which limits the trial court's fixing of fines to the greater of $50 or the amount assessed by the jury. Pursuant to that provision, Tenn. Code Ann. § 40–35–301(b) directs that the judge may impose any fine "not to exceed the fine fixed by the jury." It is clear that the trial judge has the power to impose any fine which does not exceed the fine fixed by the jury, and to reduce, suspend, or release fines. *See* Tenn.Code Ann. §§ 40–24–101, –102, and –104. It is also clear that when the fine is imposed after the sentencing hearing, the trial judge, unlike the jury, knows the facts developed in the sentencing hearing. The trial judge learns about prior offenses, potential for rehabili-

tation, mitigating and aggravating circumstances, and other matters relevant to an appropriate sentence. (*See* Wiseman, *Judicial Discretion Under the New Tennessee Criminal Sentencing Reform Act of 1982*, 18 Tenn.B.J. 13 (1982)). At that stage, an informed judgment can be made as to the sentence, including the amount of fine, confinement, or any other sentencing alternatives offered by the Reform Act. Nothing about Tennessee's constitutionally mandated procedure for fixing fines, or its treatment in the Reform Act, indicates that the legislature intended to preclude appellate review.

In many sentences, the fine and incarceration are inextricably tied together. "Where the defendant is sentenced to a period of probation, as well as a fine, [the court may direct] that payment of the fine be a condition of the sentence." Tenn.Code Ann. § 40–24–101(a)(4). We fail to see how, in such a case, de novo review of the sentence imposed by the sentencing court pursuant to Tenn.Code Ann. § 40–35–401(a) can be accomplished without review of the amount of the fine, the defendant's ability to pay that fine, and other factors of judgment involved in setting the total sentence.

If the legislature had intended to exclude fines in the Reform Act from its appellate review, there is no reasonable explanation for language identifying fines as a sentencing alternative or language setting out the procedure for imposition of fines. Nor is there explanation for the treatment of fines in other parts of the Reform Act we have discussed.

Furthermore, Tenn.Code Ann. § 16–5–108(a) provides that "the jurisdiction of the Court of Criminal Appeals shall ... extend to review of the final *judgments* of the trial courts in ... criminal cases, both felony and misdemeanor...." (Emphasis added.) *See also* Tenn.R.App.P. 3(b), which also provides for appellate review of criminal judgments. These broad grants of appellate authority are inconsistent with a construction that the Reform Act excludes appellate review of fines.

Nowhere in the Reform Act, in the statutes dealing with appellate court jurisdiction, or in the statutes dealing specifically with fines, do we find any explicit prohibition against appellate review of fines. Where the legislative drafters intended to limit or prohibit appellate review, they had no difficulty using specific language. *See* Tenn.Code Ann. § 40–35–403(c) 1982, prohibiting state appeals as to the length of sentence, and Tenn.Code Ann. § 40–35–402(a) (1982), allowing no appellate review in post-conviction and habeas corpus proceedings. *See* Tenn.Code Ann. § 40–35–402(a).

Finally, we believe the most persuasive argument in favor of appellate review of fines is that the Reform Act was adopted by the legislature for the obvious purpose of assuring fair and consistent treatment for all defendants by giving appellate courts an opportunity to review actions of the trial court in sentencing, including confinement and fines. An interpretation of the Act that would prevent appellate review of fines, would clearly be contrary to that broad legislative purpose.

## CONCLUSION

Despite a statute vesting authority to grant probation in the "sole discretion" of the trial judge, we approved limited appellate review of probation in *Stiller v. State*, 516 S.W.2d 617 (Tenn.1974), saying:

> [T]he structure of our judicial system, with the trial courts at the base of the pyramid, contemplates appellate review. We do not believe the Legislature intended to make trial judges completely autonomous or that sound public policy would permit such broad conference of unbridled authority.

*Stiller*, 516 S.W.2d at 621. In the absence of any explicit prohibition against appellate review of fines, we do not believe that the legislature intended to vest unreviewable discretion in the trial judges. Rather, we think the legislature shared our philosophy that public policy does not support "such broad conference of unbridled authority." *Id.*

Consequently, we find the legislature intended the Criminal Sentencing Reform Act of 1982 to include appellate review of

fines. Accordingly, we hold that fines are reviewable pursuant to Tenn.Code Ann. § 40–35–402 of the Reform Act as an aspect of criminal sentencing. Having so held, we pretermit all other issues raised.

The dissent argues that the majority opinion has ignored Article VI, Section 14 of the Tennessee Constitution "by ... finding that the Legislature intended ... to authorize appellate review of fines imposed by a jury at trial." On the contrary, we have fully considered the Constitutional provision in our analysis. In *State v. Durso*, 645 S.W.2d 753 (Tenn.1983), Justice Harbison, writing for a unanimous Court, held that the provisions of Article VI, Section 14 of the Tennessee Constitution, requiring that fines in excess of $50 be imposed by a jury, may be waived in a felony case:

> We agree with the statement in *France v. State*, 65 Tenn. 478, 485 (1873), that the provisions of Article VI, section 14, of the state constitution are "manifestly an amplification" of the fundamental guarantee against the imposition of excessive fines found in Article I, Section 16. As such, they are part of the rights guaranteed to an accused and are for his benefit and protection. If he sees fit to waive them, we are of the opinion that such waiver is permissible, provided that it is done in accordance with safeguards provided by both the constitution and implementing statutes or rules of criminal procedure, and that such waiver should be given effect.

*Id.* at 759. Consequently, this Court held that Tenn.Code Ann. § 40–35–301(b), which provided that upon waiver of a jury, the trial judge may lawfully "fix the fine at any amount which the jury could have," was constitutional.

The provisions in Article I, Section 16, and Article VI, Section 14, resulted from similar concerns by the Constitutional drafters—that the accused should have protection against excessive fines. Allowing appellate review of fines imposed by a jury seems to us a procedural protection consistent with that envisioned by the original framers of the Constitution. The dissent fails to convince us that, while the Legislature has the authority to permit criminal defendants to waive the constitutional right to have a jury fix the fine in the trial court, it has no authority to permit the same defendant to seek appellate review of the fine imposed by a jury.

We affirm the judgment of the Court of Criminal Appeals vacating the fine as to the Appellee Bryant, and the judgment modifying the fines as to the Appellees Michael and Stephen Downs. Costs are taxed to the State.

REID, C.J., and DROWOTA and DAUGHTREY, JJ., concur.

O'BRIEN, J., dissents.

O'BRIEN, Justice, dissenting.

I dissent.

The majority have chosen to abrogate a provision of the Constitution of this State, which has existed for nearly two hundred years, by their finding that the Legislature intended, in enacting the Criminal Sentencing Reform Act of 1982, to authorize appellate review of fines imposed by a jury at trial. To accomplish this, they depend entirely upon their analysis of the legislative intent in passing the reform act, acting in direct contravention of the constitutional provision, totally antithetical to their conclusion, which prevents the General Assembly from authorizing or the appellate courts from utilizing, such a procedure.

Article 6, § 14 of the Constitution of Tennessee says in very simple and expressive language:

> **Sec. 14—Fines exceeding fifty dollars to be assessed by jury.**—No fines shall be laid on any citizen of this State that shall exceed fifty dollars, unless it shall be assessed by a jury of his peers, who shall assess the fine at the time they find the fact, if they think the fine should be more than fifty dollars.

That same mandate has been one of the touchstones of our constitutional law since the adoption of our original Constitution in the year 1796. The majority now pretend to alter that law by judicial fiat, based on their own analysis, without so much as

giving lip service to constitutional precedent.

Utilizing a dictionary definition of "sentence" which defines the word, as it applies in criminal matters, as "the order by which a court or judge imposes punishment or penalty upon a person found guilty," they extrapolate that definition to mean the Legislature intended the Criminal Sentencing Reform Act of 1982 to include appellate review of fines fixed by a jury.

In conducting their analysis the majority have directed our attention to various statutory provisions of the Act which, they earnestly argue, authorize the procedure they now approve. They concede that the Reform Act does contain a different procedure for the fixing of fines, because of the Tennessee Constitutional provision which limits the trial court's setting of a fine to the sum of $50, unless a greater amount is assessed by the jury. They then refer to T.C.A. § 40–35–301(b) for the statement that the statute directs that the judge may impose any fine "not to exceed the fine fixed by the jury."

Taken in context, § 40–35–301 directs no such thing. Subparagraph (a) of the statute spells out specifically that the trial judge shall fix the fine for offenses punishable by a fine of $50 or less.[1] Subsection (b) says in clear, unconfusing language, "in a case where the range of punishment includes a fine in excess of fifty dollars ($50), the jury finding the defendant guilty shall also fix the fine, *if any*, in excess of fifty dollars ($50) ... When imposing sentence, after the sentencing hearing, the court shall impose a fine, *if any*, not to exceed the fine fixed by the jury." Obviously, the second sentence must take its meaning in relation to the first quoted, and means without equivocation, the trial judge shall impose the fine fixed by the jury. Several parts from Title 40, Chapter 24, are also cited in the lead opinion to the effect that the trial court may reduce, suspend or release fines which have been imposed.[2]

Having completed their construction of the various statutes involved, the majority then reach the conclusion that, "Nowhere in the Reform Act, or in the statutes dealing with appellate court jurisdiction, or in the statutes dealing specifically with fines, do we find any explicit prohibition against appellate review of fines. Where the legislative drafters intended to limit or prohibit appellate review, they had no difficulty using specific language....". No reference is made to their previous statement that "The Reform Act does contain a different procedure for the fixing of fines, because of the Tennessee Constitutional provision which limits the trial court's fixing of fines to the greater of $50 or the amount assessed by the jury."

Certainly it is no quantum leap to recognize that it is not the Legislature which prohibits any court, at any level, to set a fine, if it shall exceed the sum of $50. Not any court, including this one, has any jurisdiction to expand its own authority beyond constitutional limits. It is equally plain that the Legislature cannot confer such authority. One has only to ask, if the appellate court in this case can reduce the amount of the fine fixed by the jury, at what level will they set it? If they fix any amount greater than $50 they have violated the provisions of Article 6, § 14 of the Constitution.

The Legislature recently had an opportunity, in its passage of the 1989 Criminal Reform Act, to include the review of fines in addressing those sentences subject to de novo review. It chose not to make that change in the statutory scheme in light of the jury's constitutional dominion over this aspect of sentencing. What the Court now seeks to do is a positive violation of the plain mandate of the constitutional provision which limits the authority of all but the jury to fix a fine in any manner in excess of $50. Where jurisdiction is affirmatively withheld by the Constitution it cannot be assumed by the courts, or legis-

---

1. Subsection (a) now provides that the trial judge shall fix the fine in accordance with § 40–35–112.

2. These statutes, T.C.A. § 40–24–101, 40–24–102, 40–24–104, are of dubious constitutionality, and are not at issue here.

latively conferred. For the reasons stated, I dissent.