IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JUNE 1996 SESSION



FILED

**April 29, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | |
|---|---|
| STATE OF TENNESSEE, | ) |
| | ) |
| APPELLANT, | ) |
| | ) No. 03-C-01-9504-CR-00118 |
| | ) |
| | ) Sevier County |
| v. | ) |
| | ) Ben W. Hooper, II, Judge |
| | ) |
| | ) (Sentencing) |
| KEVIN CRESPO, | ) |
| | ) |
| APPELLEE. | ) |


FOR THE APPELLANT:

Charles W. Burson
Attorney General & Reporter
500 Charlotte Avenue
Nashville, TN 37243-0497

Michael J. Fahey, II
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

Alfred C. Schmutzer, Jr.
District Attorney General
125 Court Avenue, Room 301-E
Sevierville, TN 37862

G. Scott Green
Assistant District Attorney General
125 Court Avenue, Room 301-E
Sevierville, TN 37862

FOR THE APPELLEE:

Kevin Crespo, <u>Pro</u> <u>Se</u>
P.O. Box 155
New Market, TN 37820
(Appeal Only)

Charles R. Edwards, Jr.
Attorney at Law
129 Commerce Street
Sevierville, TN 37862
(Trial Only)


OPINION FILED:_____


APPEAL DISMISSED


Joe B. Jones, Presiding Judge

# O P I N I O N

The State of Tennessee appeals from the sentences imposed by the trial court.[1] The state contends the trial court abused its discretion by (a) failing to impose the fines recommended by the jury[2] and (b) requiring the defendant to make restitution in an amount less than the amount of damages found by the jury.[3] After a thorough review of the record, the brief of the state, and the law governing the issues presented for review, it is the opinion of this Court the state does not have a right to appeal the issues presented for review. Therefore, the state's appeal is dismissed.[4] It is parenthetically noted that if this Court could consider the issues presented for review, the Court would affirm the judgment of the trial court.[5]

---

[1]Tenn. Code Ann. § 40-35-402(d).

[2]The amount of the fines determined by a jury sets the upper limitation of the fine a trial court can impose. However, a trial court is not required to impose a fine notwithstanding the jury has recommended the amount of the fine. The applicable statute, Tenn. Code Ann. § 40-35-301(b), provides in part: "[T]he jury finding the defendant guilty shall also fix the fine. . . . The jury shall report such fine with a verdict of guilty. When imposing sentence, after the sentencing hearing, the court shall impose a fine, if any, not to exceed the fine fixed by the jury. . . ." (emphasis added).

[3]In this jurisdiction, a "sentencing court may direct a defendant to make restitution to the victim of the offense." Tenn. Code Ann. § 40-35-304(a). However, there is no designated formula or method for the computation of the amount of restitution. State v. Smith, 898 S.W.2d 742, 747 (Tenn. Crim. App. 1994), per. app. denied (Tenn. 1995). The trial court must consider the "pecuniary loss" incurred by the victim, Tenn. Code Ann. § 40-35-304(e), as well as "the financial resources and future ability of the defendant to pay or perform." Tenn. Code Ann. § 40-35-304(d). The amount determined by the trial court must be reasonable. Tenn. Code Ann. § 40-35-303(d)(10). Furthermore, "the amount ordered to be paid does not have to equal or mirror the victim's precise pecuniary loss." Smith, 898 S.W.2d at 747.

[4]The statute which provides the state with the right to appeal sentencing issues, Tenn. Code Ann. § 40-35-402, limits the right to certain enumerated grounds listed in the statute. The statute does not provide the state with the right to appeal questions concerning fines and restitution.

[5]The presentence report reveals the defendant does not have a high school diploma. He has worked as a carpenter, and he supported his wife and child. When the defendant was sentenced, he was not able to work due to an injury to his back. He did not have any other source of income.
The state did not offer any evidence to establish the defendant's financial resources or ability to pay a fine and restitution. The state did not question the defendant when he testified at the sentencing hearing.

(continued...)

2

_____
JOE B. JONES, PRESIDING JUDGE


CONCUR:


_____
GARY R. WADE, JUDGE


_____
PAUL G. SUMMERS, JUDGE

FILED

**April 29, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

_____

(...continued)

Based on this evidence, the state has failed to overcome the "presumption that the determinations made by the [trial] court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-402(d).

3

| STATE OF TENNESSEE, | ) | |
|---|---|---|
| APPELLANT, | ) | |
| | ) | No. 03-C-01-9504-CR-00118 |
| | ) | |
| | ) | Sevier County |
| v. | ) | |
| | ) | Ben W. Hooper, II, Judge |
| | ) | |
| | ) | (Sentencing) |
| KEVIN CRESPO, | ) | |
| | ) | |
| APPELLEE. | ) | |

SEPARATE CONCURRING AND DISSENTING OPINION

I concur in the results reached by the majority in this case; however, I must respectfully disagree with some of the reasoning. The majority parenthetically noted that if it could consider the state's issues, it would affirm the judgment of the trial court. I agree. A trial judge has the power to release a defendant from payment of fines, in whole or in part, pursuant to Tenn. Code Ann. § 40-24-102.[6] Also, Tenn. Code Ann. § 40-35-301(b) supports this proposition. The record reveals that the jury set fines totaling $12,500. The trial judge waived the entire amount of fines imposed against the appellant. I believe this was the judge's prerogative.

Also, a trial judge may direct the payment of restitution to the victim as a condition of probation pursuant to Tenn. Code Ann. § 40-35-304. This Court has held that when restitution is ordered as a condition of probation, the authority to determine the appropriateness and the amount of restitution lies solely with the trial court. State v. McKinney, 1994 WL 592042 (Tenn. Crim. App. Oct. 26, 1994). The trial judge reduced the amount of restitution awarded by the jury. This action was the judge's prerogative.

The majority concludes that the state does not have a right to appeal questions concerning fines and restitution. Such holding is based upon the language of Tenn. Code

---

[6]Release of fines and forfeitures- The several courts in which a cause is finally adjudged are authorized, either before or after final judgment, for good cause, to release the defendants, or any one (1) or more of them, from the whole or any part of fines or forfeitures accruing to county or state. Tenn. Code Ann. § 40-24-102 (1990).

Ann. § 40-35-402, which limits the state's right to appeal to certain enumerated grounds. Questions concerning fines and restitution are not explicitly listed in the statute. It is with this issue that I respectfully disagree with my colleagues.

The first sentence of Tenn. Code Ann. § 40-35-402 states: "[t]he district attorney general in a criminal case may appeal from the length, range or manner of the service of the sentence imposed by the sentencing court." Tenn. Code Ann. § 40-35-402(a) (1990). Our Supreme Court has stated that the term "range of punishment" refers to a fine in excess of fifty dollars. State v. Bryant, 805 S.W.2d 762, 765 (Tenn. 1991). Based upon this, I find that questions concerning fines and restitution are encompassed in the broad language of Tenn. Code Ann. § 40-35-402. I find that the state does have a right to appeal questions concerning fines and restitution.

_____
PAUL G. SUMMERS, Judge