IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

AUGUST 1998 SESSION

FILED

September 22, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 01C01-9708-CC-00381 |
| | ) | |
| Appellee | ) | FRANKLIN COUNTY |
| | ) | |
| v. | ) | HON. BUDDY D. PERRY, |
| | ) | JUDGE |
| MICHAEL WALLS, | ) | |
| | ) | |
| Defendant/Appellant | ) | |

FOR THE APPELLANT:

Philip A. Condra
District Public Defender
12th Judicial District
200 Betsy Pack
P.O. Box 220
Jasper, TN  37347

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Lisa A. Naylor
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
Nashville, TN  37243

OPINION FILED _____

AFFIRMED
JOHN K. BYERS
SENIOR JUDGE

### O P I N I O N

The defendant was convicted of aggravated assault in a jury trial.  The jury assessed a fine of $10,000.00 and the trial judge sentenced the defendant to serve five years as a Range I, standard offender.

The defendant raises the following issues:

1.    Is the judgment against the Appellant void for failure of the indictment to allege an offense under T.C.A. 39-13-102(c)?

2.    Is the evidence, specifically on the element of bodily injury, sufficient to support the verdict of guilt on aggravated assault beyond a reasonable doubt?

3.    Is the fine of $10,000, the maximum for a class C felony, excessive?

4.    Was the sentence imposed in compliance with the provisions of T.C.A. 40-35-101 et seq?

The judgment is affirmed.

The evidence introduced by the state shows that the defendant and his wife were estranged.  On November 22, 1994, the defendant's wife obtained a restraining order against the defendant under the provisions of T.C.A. § 36-3-606.  The estranged wife testified that the defendant came to where she was living on September 14, 1995 and asked to be allowed into the house.  After some discussion, the defendant entered the house and, according to the woman, began to speak of reconciliation.  She told him they could not reconcile and he told her he would kill her.  She said the defendant attacked her, pulling her hair and striking her on the head.  He pulled off some of her clothing and forced her to perform oral sex upon him.  The defendant told her he was going to have sex with her and then kill her.  She escaped and ran to a house down the street and called her sister to come for her.

The sister and a woman who was with the sister testified that the victim was "scared" and "terrified" when they got to her.  These witnesses testified she had scratches on her knees and red or purple marks on her face.  The man, who lived in the house where the victim went, testified she was crying and upset.  This witness

testified he thought the victim had some scratches on her legs. He did not observe any marks on her face.

The defendant testified he went to the home where his estranged wife was staying upon her invitation to do so. He testified that he and his wife kissed and undressed and that his wife got up ostensibly to lock the door but that she stole some money from him and left. He denied striking her or threatening her.

**INDICTMENT**

The defendant claims that the indictment against him is defective because it fails to allege a criminal offense and that the indictment failed to give notice of what offense he was charged with.

The indictment is, inter alia, as follows:

> . . . Michael D. Walls on the 14th day of September, 1995, in Franklin County, Tennessee, and before the finding of this indictment, did unlawfully, (knowingly), after having been enjoined from coming about one Angie Walls for any purpose and specifically from abusing, threatening to abuse or committing any acts of violence upon Angie Walls, by Order of Protection entered in the Circuit Court of Franklin County in case #8904 on November 22, 1994; the said Michael D. Walls did commit an assault upon Angie Walls, causing her to suffer bodily injury, in violation of T.C.A. 39-13-102(c). . . .

The pertinent part of T.C.A. § 39-13-102(c) reads:

> A person commits aggravated assault who, after having been enjoined or restrained by an order, diversion or probation agreement of a court of competent jurisdiction from in any way causing or attempting to cause bodily injury or in any way committing or attempting to commit an assault against an individual . . ., intentionally or knowingly attempts to cause or causes bodily injury or commits or attempts to commit an assault against such individual. . . .

The indictment in this case alleges that the defendant was under an order from coming about or abusing, threatening to abuse, or committing any act of violence against his estranged wife and that he did commit an assault upon her in violation of T.C.A. § 39-13-102(c).

The indictment clearly sets out the necessary elements of the offense as defined in T.C.A. § 39-13-102(c) and is valid.

The defendant claims also that he cannot be prosecuted for a felony under T.C.A. § 39-13-102(c) because the protection order entered against him under T.C.A. § 36-3-606(c) provides only for punishment of contempt if he violates the provisions of the statute. Further, by reason of the requirement of T.C.A. § 36-3-

606, the defendant says the failure to list the maximum punishment as a felony in the protection order prohibits the state from prosecuting him for aggravated assault.

This claim is unlike the allegation that the indictment failed to state a criminal offense. The failure of an indictment to state a criminal offense can be raised at any time. A claimed defect in an indictment which otherwise states an offense on its face must be raised prior to trial; otherwise the defect, if any, is waived and a valid verdict may be entered in the case. Rules of Criminal Procedure 12(b)(2).

The indictment in this case is proper and the issues raised by the defendant as to the indictment are denied.

## SUFFICIENCY OF THE EVIDENCE

To convict the defendant in this case, the state had to show that the defendant was subject to an order of protection and that while under such order the defendant assaulted or otherwise committed acts of violence against his estranged wife. The wife testified the defendant struck her and raped her. Three witnesses testified the victim had scratches on her legs. Two of these witnesses described marks on the victim's face. The defendant, of course, denied he assaulted or raped his estranged wife.

T.C.A. § 39-13-102(c) does not require actual bodily injury to occur before a conviction under T.C.A. § 39-13-102(c) can be had. The acts condemned by the legislature in this statute are the acts which are in violation of the protective order previously entered against an accused.

Obviously the jury accredited the testimony of the state's witnesses and rejected the defendant's testimony. The evidence is sufficient for a rational trier of fact to find guilt beyond a reasonable doubt.

## SENTENCE

The defendant contends the sentence of five years is improper because the trial court did not follow the sentencing guidelines of T.C.A. § 40-35-102(2). For the most part, the defendant's argument on this is a rehash of the events which led to his conviction and a contention that the defendant's substantial past criminal

conduct showed him guilty of only class C misdemeanors which were related to the defendant's addiction to alcohol.

The defendant's past criminal activity shows seventy arrests, forty of which were retired or dismissed. Thirty convictions were shown, these being one for vandalism, eleven for public intoxication, one for evading arrest, one for resisting arrest, three for misdemeanor theft of property, four for driving while intoxicated, two for driving on revoked license, four for various traffic offenses, and three for misdemeanor drug offenses.

In arriving at the sentence, the trial judge found two enhancing factors: the defendant has a history of criminal behavior in addition to those necessary to establish the range and the defendant has a previous history of being unwilling to comply with the conditions of sentences involving release in the community. The trial judge found two mitigating factors: the defendant's alcoholism and his learning disability.

The trial judge determined that the enhancing factors outweighed the mitigating factors. Further, the trial judge considered the facts in this case and the overall actions of the defendant and determined that there was potential danger to others from the defendant and that such was "moving in an escalating scale." Based upon this, the defendant was sentenced as a Range 1, standard offender to five years in the penitentiary.

We review the sentence *de novo* upon the record with a presumption of correctness. T.C.A. § 40-35-401(d). The burden is upon the defendant to show the sentence is wrong. *State v. Kear,* 809 S.W.2d 197 (Tenn. Crim. App. 1991).

The record in this case shows the trial court followed the sentencing guidelines and the record supports the judgment of the trial court.

**FINE**

The defendant asserts that the fine of $10,000.00 fixed by the jury and imposed by the trial court is excessive.

In *State v. Bryant,* 805 S.W.2d 762 (Tenn. 1991), the Supreme Court held that fines are reviewable pursuant to T.C.A. § 40-35-401. In *State v. Robert H.*

*Blevins,* No. 03C01-9606-CC-00242, Washington County (Tenn. Crim. App. May 23, 1997), this Court held that although the jury is to fix a fine it is the duty of the trial judge to fix the fine in an amount not to exceed the amount fixed by the jury. The trial judge must fix the fine based upon the factors and principles of the 1989 Sentencing Act, which includes consideration of prior history, potential for rehabilitation, financial means, and mitigating and enhancing factors.

There was little if any issue raised at the sentencing hearing in this case. However, the record shows none of the factors is favorable to the defendant except his limited financial means.

A fine is not prohibited merely because it may cause a financial hardship upon a defendant. *See State v. Marshall,* 870 S.W.2d 532 (Tenn. Crim. App. 1993). Further, a fine, if imposed by the sentencing guidelines, is permissible as a punitive measure. *State v. Timothy Jenkins,* No. 01C01-9508-CC-00269, Wayne County (Tenn. Crim. App. Nov. 15, 1996).

The judgment of the trial court is affirmed and the cost of this appeal is taxed to the defendant.

_____
John K. Byers, Senior Judge

CONCUR:

_____
David H. Welles, Judge

_____
Jerry L. Smith, Judge