IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 14, 2001

## STATE OF TENNESSEE v. KELLY LAYNE

**Appeal from the Circuit Court for Marion County**
**No. 3960      Thomas A. Graham, Judge**

_____

### No. M1998-00746-CCA-R3-CD - Filed July 11, 2001

_____

The defendant, Kelly Layne, appeals his conviction for selling a counterfeit controlled substance, a Class E felony, for which he was sentenced to one year, eight months, all but ninety days to be served in a community corrections program, and fined $2,500. He contends that venue was not proven and that his sentence is excessive. We affirm the conviction and sentence, except we reduce the fine to $1,500.

**Tenn. R. App. R. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed as Modified**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and ALAN E. GLENN, J., joined.

Phillip A. Condra, District Public Defender, for the appellant, Kelly Layne.

Paul G. Summers, Attorney General and Reporter; Elizabeth T. Ryan, Assistant Attorney General; James Michael Taylor, District Attorney General; and Steven H. Strain, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The defendant was originally charged and convicted of both the sale and the delivery of a counterfeit controlled substance, but the trial court merged the delivery count into the sale count. The evidence reflects that two women cooperating with law enforcement met the defendant at the Hillbilly Club in Grundy County. They asked him about drugs and he replied that he had some, but at another location. He said that he would be back in twenty minutes and would have something for them. Later, the women met the defendant and Teddy Lowe, a co-defendant, at Lowe's residence in Monteagle, Marion County. At that point, money and a substance, purportedly methamphetamine, were exchanged between the defendant and one of the women. Analysis showed that the substance did not contain a controlled substance.

## I. VENUE

The defendant's claim regarding venue raises the question of what constitutes a sale. The defendant asserts that the sale occurred at the Hillbilly Club. He argues that a sale occurs "when there is an agreement to exchange a product (controlled substance) for a price without reference to ownership, title, or even actual possession of the article to be transferred." He claims that only the execution of the agreement occurred in Marion County. We disagree.

First, we note that the defendant stands convicted of delivery, as well. Merger does not render the guilty verdict for the delivery offense a nullity. Any flaw in the sale conviction would not affect the delivery conviction.

Second, we conclude that the defendant has an incorrect view of what constitutes a sale. In this respect, this court has previously considered the matter.

> In the absence of a statutory definition for the term "sale," we are left to interpret the plain meaning of the language used in determining the intent of the legislature. State v. Hinsley, 627 S.W.2d 351 (Tenn. 1982). According to Black's Law Dictionary (5th Ed. 1979), sale is defined as a contract between two parties by which the seller, in consideration of the payment or promise of payment of a certain price in money, transfers to the buyer the title and possession of the property. Thus, from the definition, as well as its common usage, a sale involves two broad requirements. First, there must be a bargained-for offer and acceptance. Secondly, there must be a transfer (delivery), actual or constructive, of the subject matter property. This notion comports with the statutory definition of delivery as "the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship." T.C.A. § 39-17-402(6).

> Where, as here, the proof establishes that the buyer made an offer to buy cocaine and the seller accepted the offer, an exchange of money occurred, and the contraband was actually delivered, the elements of the indictment offense are clearly supported by the evidence. Tenn. R. App. P. 13(e).

> As to appellant's argument that the proof supports only a delivery, we recognize that delivery is inherent in any sale. To make out the offense of sale, therefore, the element of delivery is essential. Here, however, the State has also established the requisite offer and acceptance, as well as consideration to support the offense of sale.

State v. William (Slim) Alexander, No. 01C01-9302-CR-00063, Davidson County, slip op. at 4-5 (Tenn. Crim. App. Mar. 24, 1994). The transfer of money for the substance established venue for the sale in Marion County.

## II. SENTENCING

The defendant complains about the length of his sentence, the ninety-day confinement, and the fine. Relative to the length of his sentence and the manner of its service, the defendant does not point to any procedural or substantive error by the trial court in reaching the ultimate sentence. Rather, the defendant requests us to reduce the sentence and confinement upon his claim that the trial court's sentence is too harsh under the facts. In other words, he asks us to impose our judgment in lieu of the trial court's judgment, a task we cannot do. The weight to be afforded existing enhancement and mitigating factors is left to the trial court's discretion so long as it complies with the purposes and principles of the sentencing laws and its findings are adequately supported by the record. Tenn. Code Ann. § 40-35-210, Sentencing Commission Comments; State v. Moss, 727 S.W. 2d 229, 237 (Tenn. 1986); State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). Also, the trial court's sentencing determinations carry the presumption of correctness on appeal. See Tenn. Code Ann. § 40-35-401(d). The record reflects a prior misdemeanor drug conviction for which the defendant failed to comply with the conditions of probation. Thus, the defendant has a previous conviction and has shown the inability to comply with conditions for release into the community. See Tenn. Code Ann. § 40-35-114(1), (8). Moreover, with his acknowledged history of criminal drug usage, a period of confinement would be justified to impress upon the defendant the seriousness of his criminal conduct. See Tenn. Code Ann. § 40-35-103(1)(B). The length of the defendant's sentence and the manner of its service are justified.

We conclude, though, that the fine of $2,500 is inappropriate. As the defendant points out, the trial court made no mention of a fine during the sentencing hearing, although the jury returned a fine in the amount of $2,500. This indicates that the trial court rotely imposed the fine returned by the jury without independent consideration of an appropriate fine. The trial court's imposition of a fine is to be based upon the factors and principles of the 1989 Sentencing Act, such as, prior history, potential for rehabilitation, financial means, and mitigating and enhancing factors, that are relevant to an appropriate, total sentence. See State v. Bryant, 805 S.W.2d 762, 766 (Tenn. 1991). Thus, the trial court may not simply impose the fine as fixed by the jury. See State v. Blevins, 968 S.W.2d 888, 895 (Tenn. Crim. App. 1997).

The trial court's failure to follow the procedures provided by law regarding fines renders our review of the fine de novo without a presumption of correctness. Generally, the fine for a Class E felony may not exceed $3,000. Tenn. Code Ann. § 40-35-111(b)(5). At the time of the offense and the time of the sentencing in the trial court, the first conviction for a drug felony mandated a minimum fine of $2,000. See Tenn. Code Ann. § 39-17-428(b)(7) (1977) (repealed 1999). However, effective July 1, 1999, after the notice of appeal was filed in this case, the mandatory minimum fine for the first conviction for a felony counterfeit drug sale was reduced to $1,000. See Tenn. Code Ann. § 39-17-428(b)(12) (Supp. 2000). In this respect, when an offense is committed

and a subsequent amendment to the statute reduces the punishment for that offense, "any punishment imposed shall be in accordance with the subsequent act." Tenn. Code Ann. § 39-11-112.

With the statute being amended after the case was on appeal, the question becomes whether the lesser penalty is to be applied on appeal. We conclude that it is. When a defendant appeals the sentence, our review is de novo with a presumption that the trial court's determinations are correct. See Tenn. Code Ann. § 401(d). However, when the presumption is overcome, we are authorized to alter the sentence or to remand the case for resentencing. See Tenn. Code Ann. § 40-35-401(c). Under such circumstances, the sentences are being imposed by us or the trial court after the statute has been amended to reduce the punishment. The lesser punishment should be applied.[1]

The record reflects that the defendant, now fifty-six years old, completed the twelfth grade. He denied any physical or mental health problems, but he admitted using marijuana on a regular basis, including after his conviction. He was living with the eighteen-year-old mother of his ten-month-old child at the mother's residence. He said he was self-employed in construction and auto mechanics, making twenty to twenty-eight thousand dollars per year. Essentially, the defendant had no assets and no debts.

Given the defendant's background and circumstances existing at the time of the sentencing hearing, we conclude that his pattern of marijuana use is a significant concern. It reflects a continuing disregard for the law. Although the defendant's financial means are relatively meager, we conclude that a fine in the amount of $1,500 is appropriate, particularly for the purpose of the defendant appreciating the seriousness of his criminal conduct.

In consideration of the foregoing and the record as a whole, we affirm the defendant's conviction and the length and manner of service of his sentence, but we modify his fine to $1,500.

_____
JOSEPH M. TIPTON, JUDGE

---

[1]We need not decide if the lesser punishment is to be applied on appeal when the presumption of correctness is not overcome.