IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 19, 2016

**STATE OF TENNESSEE v. JEFFREY LYNN WHITEHEAD**

**Appeal from the Circuit Court for Montgomery County**
**No. CC15-CR-1111    Jill B. Ayers, Judge**

_____

**No. M2016-00160-CCA-R3-CD – Filed August 3, 2016**
_____

The defendant, Jeffrey L. Whitehead, appeals the order of the Montgomery County Circuit Court denying his motion to waive costs. Because this court lacks jurisdiction of the defendant's claim, the appeal is dismissed.

**Tenn. R. App. P. 3; Appeal Dismissed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and TIMOTHY L. EASTER, JJ., joined.

Jeffrey L. Whitehead, Clarksville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; John W. Carney, District Attorney General; and Arthur F. Bieber, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The scant record in this case establishes that the defendant moved the Montgomery County General Sessions Court to discharge court costs, jail fees, and fines that he owed to Montgomery County. After the general sessions court denied the motion, the defendant appealed to the Montgomery County Circuit Court, again asking for discharge from court costs, jail fees, and fines based upon his indigency. Although the trial court conducted an evidentiary hearing on the defendant's motion, no transcript of the hearing was included in the record on appeal. The trial court denied the defendant's motion, and the defendant submitted a timely notice of appeal in this court.

As in any other appeal before this court, our first concern is whether this court is authorized to hear the case. Tennessee Rule of Appellate Procedure 3 provides, in pertinent part, as follows:

In criminal actions an appeal as of right by a defendant lies from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) on a plea of not guilty; and (2) on a plea of guilty or nolo contendere, if the defendant entered into a plea agreement but explicitly reserved the right to appeal a certified question of law dispositive of the case pursuant to and in compliance with the requirements of Rule 37(b)(2)(A) or (D) of the Tennessee Rules of Criminal Procedure, or if the defendant seeks review of the sentence and there was no plea agreement concerning the sentence, or if the issues presented for review were not waived as a matter of law by the plea of guilty or nolo contendere and if such issues are apparent from the record of the proceedings already had. The defendant may also appeal as of right from an order denying or revoking probation, an order or judgment entered pursuant to Rule 36 or Rule 36.1, Tennessee Rules of Criminal Procedure, from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding, and from a final order on a request for expunction.

Tenn. R. App. P. 3(b).

Panels of this court have expressed differing views regarding the availability of an appeal as of right from the denial of a motion to waive or discharge costs and fines. In *Jonathon C. Hood v. State*, this court concluded that "Rule 3 of the Tennessee Rules of Appellate Procedure does not provide for an appeal as of right from the denial of a motion to discharge fines," reasoning that Rule 3 limited the availability of an appeal as of right only to those actions expressly listed within the rule. *Jonathon C. Hood v. State*, No. M2009-00661-CCA-R3-PC, slip op. at 1-2 (Tenn. Crim. App., Nashville, Aug. 18, 2010). Later, another panel of this court agreed that Rule 3 does not provide for an appeal as of right from a motion to discharge a fine but decided that, given the clearly erroneous ruling of the trial court in that case, the improperly filed appeal should be treated as a common law petition for writ of certiorari. *See State v. Jeffrey S. Zarnik*, No. M2009-00478-CCA-R3-CD, slip op. at 2-3 (Tenn. Crim. App., Nashville, Nov. 23, 2010).

In *State v. Betty L. Darden*, another panel of this court considered the question whether Rule 3 provided for an appeal as of right from the trial court's denial of a petition to discharge fines and costs that was filed while the defendant was on probation

and, therefore, subject to the jurisdiction of the trial court. Without addressing the holdings in *Jonathon C. Hood* or *Jeffrey S. Zarnik*, the court ruled that Rule 3 did provide such a right, observing that "'the power of the trial court to reduce, suspend, or release fines'" necessarily carried with it the right to appeal the court's decision. *State v. Betty L. Darden*, No. M2011-01697-CCA-R3-CD, slip op. at 2 (Tenn. Crim. App., Nashville, Nov. 15, 2012) (citation omitted). In support of this proposition, the *Betty L. Darden* panel pointed to *State v. Bryant*, 805 S.W.2d 762 (Tenn. 1991). *Bryant*, however, addressed only "whether Tennessee appellate courts have the authority to review fines imposed within statutory limits by trial courts." *State v. Bryant*, 805 S.W.2d 762, 762 (Tenn. 1991). The supreme court concluded that "the legislature intended the Criminal Sentencing Reform Act of 1982 to include appellate review of fines" and held "that fines are reviewable . . . as an aspect of criminal sentencing." *Id.* at 766-67. We cannot agree that this holding can be extended to provide an appeal as of right for a collateral attack on court costs, fines, or other fees.

In our view, *Jonathon C. Hood* and *Jeffrey S. Zarnik* present the better-reasoned approach. The terms of Rule 3 are explicit, and they do not provide for an appeal as of right from a motion to discharge fines and costs.

That being said, we also do not believe that the improperly filed appeal in this case should be treated as a petition for a writ of certiorari given the state of the appellate record. Initially, we observe that the record does not clearly indicate the source of the debt the defendant seeks to discharge; it does not reveal whether the money owed consists of court costs, jail fees, probation fees, fines, or other costs. No documentation of the amount owed or its origin appears in the record. The appellate record also does not contain a transcript of the hearing on the defendant's motion or a statement of the evidence. As the appellant, the defendant bears the burden of preparing an adequate record on appeal, *see State v. Ballard*, 855 S.W.2d 557, 560 (Tenn. 1993), which includes the duty to "have prepared a transcript of such part of the evidence or proceedings as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal," Tenn. R. App. P. 24(b). If the appellant fails to file an adequate record, this court must presume the trial court's ruling was correct. *See State v. Richardson*, 875 S.W.2d 671, 674 (Tenn. Crim. App. 1993).

Because Rule 3 does not provide for an appeal as of right from the denial of the defendant's motion and because the record is inadequate to support treating the improperly filed appeal as a petition for writ of certiorari, the appeal must be dismissed.

_____
JAMES CURWOOD WITT, JR., JUDGE