IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs September 10, 2002

## STATE OF TENNESSEE v. JOE L. JONES

**Direct Appeal from the Circuit Court for Weakley County**
**No. CR119-2001     William B. Acree, Jr., Judge**

_____

**No. W2002-00168-CCA-R3-CD - Filed November 15, 2002**

_____

The Appellant, Joe L. Jones, appeals from the sentencing decision of the Weakley County Circuit Court. After a trial by jury, Jones was convicted of casual exchange, a class A misdemeanor. Following a sentencing hearing, Jones received a split confinement sentence of eleven months and twenty-nine days, with forty-five days to be served in the county jail followed by probation. The trial court also imposed a $500 fine. On appeal, Jones contends that the trial court erred in imposing a sentence of continuous confinement and that the fine was excessive. Finding no error, the judgment is affirmed.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JOE G. RILEY, JJ., joined.

Clifford K. McGown, Jr., Waverly, Tennessee, (on appeal only); Joseph P. Atnip, District Public Defender; Colin Johnson, Assistant Public Defender, Dresden, Tennessee, (at trial and of counsel on appeal).

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Braden H. Boucek, Assistant Attorney General; Thomas A. Thomas, District Attorney General; and Allen J. Strawbridge, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

On January 19, 2001, the Appellant sold cocaine to an undercover agent of the Martin Police Department. On September 4, 2001, a Weakley County grand jury indicted the Appellant for sale of less than .5 grams of cocaine. On November 26, 2001, after a trial by jury, the Appellant was convicted of the lesser offense of casual exchange. A sentencing hearing was conducted on January

10, 2002, and the Appellant received an eleven-month and twenty-nine-day sentence and was ordered to serve forty-five days of that sentence in continuous confinement. He was also assessed a fine of $500. On appeal, the Appellant argues that the trial court erred in not imposing total probation and that the fine was excessive.

## ANALYSIS

When an appellant complains of his sentence on appeal, this court conducts a *de novo* review coupled with a presumption that the trial court's sentencing determinations are correct. Tenn. Code Ann. § 40-35-401(d) (1997); *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). However, this presumption is conditioned upon an affirmative showing that the trial court considered the relevant sentencing principles and all pertinent facts and circumstances. *Ashby*, 823 S.W.2d at 169. Regardless of whether the presumption of correctness is applied, the burden of showing the impropriety of the sentence is on the appealing party. Sentencing Commission Comments, Tenn. Code Ann. § 40-35-401(d).

Misdemeanor sentencing is governed by Tennessee Code Annotated § 40-35-302 (Supp. 2001). Although otherwise entitled to the same considerations under the Sentencing Reform Act of 1989, unlike a felon, a misdemeanant is not entitled to the presumption of a minimum sentence. *State v. Seaton*, 914 S.W.2d 129, 133 (Tenn. Crim. App. 1995) (citation omitted); *State v. Warren*, No. 01C01-9605-CC-00218 (Tenn. Crim. App. at Nashville, May 21, 1997) (citation omitted). A misdemeanor sentence, as opposed to a felony sentence, contains no sentence range. *State v. Thompson*, No. 03C01-9703-CR-00105 (Tenn. Crim. App. at Knoxville, May 6, 1998). Moreover, the relative short length of sentences for class A, B, and C misdemeanors eliminates the potential for unjustified disparity in sentencing. *Id.* Accordingly, in misdemeanor cases, the trial judge, who is able to observe first-hand the demeanor and responses of the defendant while testifying, must be granted discretion in arriving at the appropriate sentence.

The alternative sentencing provision of Tennessee Code Annotated § 40-35-104(a) (1997) provides that a misdemeanant is entitled to sentencing alternatives. Although this Appellant was granted a sentence of split confinement, the Appellant contends that he should have been granted full probation.[1] To meet the burden of establishing suitability for total probation, the defendant must demonstrate that probation will "subserve the ends of justice and the best interest of both the public and the defendant." *State v. Bingham*, 910 S.W.2d 448, 456 (Tenn. Crim. App.), *perm. to appeal denied*, (Tenn. 1995), *overruled in part by State v. Hooper*, 29 S.W.3d 1, 9 (Tenn. 2000) (citation omitted). When deciding suitability for probation, although not controlling, the sentencing court should use the following criteria: (1) the nature and circumstances of the criminal conduct involved, Tennessee Code Annotated § 40-35-210(b)(4) (1997); (2) the defendant's potential or lack of

---

[1]Specifically, in the Appellant's brief, he contends that the trial court should have imposed "a less restrictive alternative, such as house arrest, . . . straight probation, or in the alternative a weekend sentence coupled with a reduction or the elimination of his fine." A trial court is not required to permit periodic confinement. Furthermore, this court is unaware of any statutorily authorized house arrest or Community Corrections program available to misdemeanants. *See* Tenn. Code Ann. § 40-36-106(a) (Supp. 2001).

potential for rehabilitation, including the risk that during the period of probation the defendant will commit another crime, Tennessee Code Annotated § 40-35-103(5) (1997); (3) whether a sentence of full probation would unduly depreciate the seriousness of the offense, Tennessee Code Annotated § 40-35-103(1)(B) (1997); and (4) whether a sentence other than full probation would provide an effective deterrent to others likely to commit similar crimes, Tennessee Code Annotated § 40-35-103(1)(B). *See Bingham*, 910 S.W.2d at 456. Denial of probation may be based solely upon the circumstances of the offense when they are of such a nature as to outweigh all other factors favoring probation. *State v. Fletcher*, 805 S.W.2d 785, 788-89 (Tenn. Crim. App. 1991).

The statutorily authorized sentence and fine for a casual exchange conviction is "not greater than eleven (11) months twenty-nine (29) days or a fine not to exceed two thousand five hundred dollars ($2,500), or both, unless otherwise provided by statute." Tenn. Code Ann. § 40-35-111(e)(1) (1997). The trial court imposed a sentence of eleven months and twenty-nine days, with a continuous incarceration period of forty-five days and the balance of the sentence to be served on probation. The trial court exercising its discretion found that the Appellant was not suitable for probation. The trial court also imposed a fine of $500 and in pronouncing the Appellant's sentence, the trial court concluded that:

> The Court, in view of the record, finds that there are no mitigating factors that apply in this case. There is one enhancing factor. Enhancing factor Number 1, prior criminal behavior on the part of the defendant. The defendant was convicted of theft in 1998, DUI in 1997 – in fact, twice in 1997, and also driving on revoked license in 1997. Enhancing factor Number 1 applies in this case. The Court looks at the general principles of sentencing, and the Court thinks that two principles – excuse me, one principle, and one sentencing consideration is addressed, that is the need to provide an effective deterrent to those likely to violate the criminal laws of the State. The Court thinks some confinement is necessary because it is necessary to provide an effective deterrent. The Court will take judicial notice of a very high number of drug cases that are in this jurisdiction. It's extremely high. The Court will also note that the activity on the part of the defendant in the case was intentional, that is he intentionally sold the cocaine.

Irrespective of the nature of his conviction, the fact remains that the Appellant distributed drugs into his community. Additionally, he has a previous criminal history, and the trial court found that deterrence was needed in that jurisdiction. Moreover, the record reflects that while on probation in 1997, the Appellant was convicted of two misdemeanor offenses while on probation, although no violation of probation was sought. For these reasons, we are unable to conclude that the Appellant has met his burden of showing that the sentence imposed by the trial court is excessive and, therefore, affirm the period of incarceration ordered by the trial court.

The trial court imposed a $500 fine, which the Appellant argues is excessive due to a work-related injury. It is clear that an appellate court has the authority to review a fine imposed by a jury or the trial court. *See State v. Bryant*, 805 S.W.2d 762, 766 (Tenn. 1991). When reviewing fines,

this court must examine "the defendant's ability to pay that fine, and other factors of judgment involved in setting the total sentence." *Id.* Thus, although the defendant's ability to pay a fine is a factor, it is not necessarily a controlling one. *See State v. Marshall*, 870 S.W.2d 532, 542 (Tenn. Crim. App. 1993), *perm. to appeal denied*, (Tenn. 1993). A fine is not automatically precluded just because it works a substantial hardship on the Appellant; it may be punitive in the same fashion incarceration may be punitive. *Id.* In consideration of the foregoing principles and the imposition of a reasonable fine by the trial court, this issue is without merit.

## CONCLUSION

Based upon the foregoing reasons, we find that the trial court did not err in imposing a continuous forty-five day period of confinement or a fine of $500. The judgment of the Weakley County Circuit Court is affirmed.

_____
DAVID G. HAYES, JUDGE